DECISION AND ENTRY
Defendant, Raymond Van De Vanter, was found guilty following a trial to the court of robbery, in violation of R.C.2911.02(A)(3). Subsequently, Defendant filed a motion for treatment in lieu of conviction, which the trial court denied. Thereafter, the trial court sentenced Defendant to four years imprisonment.
Defendant timely filed a notice of appeal to this court. His appellate counsel filed a brief in accord with Anders v.California (1967), 386 U.S. 738, certifying that a review of the record had failed to reveal any meritorious issues for appellate review. This court notified Defendant of his appellate counsel's representations, and allowed him sufficient time to respond prose. No response has been received from Defendant.
In his Anders brief, Defendant's appellate counsel makes reference to five potential issues which might arguably support an appeal. We shall address each of these claims.
The evidence presented at trial demonstrates that on July 24, 1998, Steven Terrill, a loss prevention officer at the Kroger store on Wilmington Pike in Sugarcreek Township, observed Defendant enter the store and subsequently conceal a package of batteries and two videotapes on his person. Mr. Terrill apprehended Defendant as he attempted to exit the store, after walking past all of the cash registers without any attempt to pay for the merchandise he had.
Mr. Terrill identified himself as a store security officer, and then grabbed hold of the back of Defendant's shirt and began to escort Defendant to the store manager's office. In an effort to flee, Defendant ripped the buttons off of his shirt and attempted to slip out of his shirt. Mr. Terrill held on, however, and a brief physical struggle ensued, which ended when Terrill took Defendant down to the ground. During the struggle the two videotapes fell out of Defendant's pants. Mr. Terrill subsequently removed the package of batteries from Defendant's pocket.
Mr. Terrill suffered a dislocated knee while trying to subdue Defendant. Police were called to the scene and they arrested Defendant. At trial Defendant admitted that he intended to steal the batteries and videotapes and that he attempted to flee from the store security officer, but Defendant claimed that he returned the videotapes to the security officer before attempting to flee.
Appellate counsel first suggests that Defendant's trial counsel may have performed in a constitutionally deficient manner by waiting until after the conclusion of the trial, and after the trial court had issued its judgment entry finding Defendant guilty of robbery, before filing Defendant's motion for drug treatment in lieu of conviction. R.C. 2951.041.
The standard for judging the quality of representation by defense counsel in a criminal case is set forth in Strickland v.Washington (1984), 466 U.S. 668. In reviewing that standard the Ohio Supreme Court in State v. Bradley (1989), 42 Ohio St.3d 136,142, stated:
 "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688, 104 S.Ct. at 2064. The court recognized that there are " * * * countless ways to provide effective assistance in any given case. * * * " Id. at 689, 104 S.Ct. at 2065. Therefore, the court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential. * * * " Id. In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must [538 N.E.2d 380] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 [101 S.Ct. 665, 667-68, 66 L.Ed.2d 564] (1981)." Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694.
In appropriate cases, where an offender's dependence on drugs has led to involvement in criminal activity, R.C. 2951.041
provides a means whereby pending criminal charges can be disposed of by the offender's treatment and rehabilitation rather than by an adjudication of guilt and resulting criminal conviction. The reasons why defense counsel may have elected not to file Defendant's request for treatment in lieu of conviction at an earlier time, for example, before trial, involve matters outside the record. Therefore, they must be addressed in post conviction relief proceedings pursuant to R.C. 2953.21, rather than via direct appeal. State v. Cooperrider (1983), 4 Ohio St.3d 226.
Defendant entered a not guilty plea in this case, and therefore the trial court was required to conduct a trial prior to assessing Defendant's request for treatment in lieu of conviction. R.C. 2951.041(B); State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165. On the record before this court, deficient performance by defense counsel has not been demonstrated, much less resulting prejudice to Defendant.
Next, appellate counsel suggests that Defendant may not have been sentenced by the trial court within fifteen days after receipt of the pre-sentence report, as S.Ct.Sup.R. 39(B)(4) directs. We are unable to determine from the record before us the date on which the trial court received the completed pre-sentence investigation report. In that regard, the record does not portray the suggested error. In any event, the sole remedy provided for a violation of this Rule of Superintendence is to report the violation to the administrative judge of the court of common pleas for corrective action. This results in little, if any, benefit to Defendant, because no modification of sentence results.
Defendant was found guilty of violating R.C. 2911.02 (A)(3), which provides:
 No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 Use or threaten the immediate use of force against another.
Appellate counsel suggests that Defendant did not commit the offense of robbery because Defendant abandoned his criminal purpose by returning the stolen property prior to attempting to flee from the store security officer. The record affirmatively refutes this contention.
It is clear from the uncontroverted evidence at trial, including Defendant's own testimony, that Defendant still had a package of stolen batteries in his pants pocket when he attempted to flee from store security. Moreover, Defendant's assertion that he had returned two stolen videotapes just prior to his attempt to flee is refuted by the testimony of both the store security officer and the store manager, who testified that those videotapes fell from Defendant's clothing during the struggle that ensued when Defendant attempted to flee. The credibility of the witnesses was a matter for the trial court as the trier of facts to resolve. State v. DeHass (1967), 10 Ohio St.2d 230.
Appellate counsel additionally contends that the elements of robbery were not proven to the extent that Defendant's use of force in attempting to flee was not contemporaneous with his theft offense, which had already been terminated by his arrest prior to his attempt to flee. Once again, however, the record does not support the suggested error.
To have an arrest there must be an intent to arrest, under real or pretended authority, accompanied by an actual or constructive seizure or detention, which is so understood by the person arrested. State v. Darrah (1980), 64 Ohio St.2d 22. There is no evidence of any intent on the part of the store security officer to arrest defendant. Defendant was arrested by police who arrived on the scene after his failed attempt to flee. The store security officer simply detained defendant until he could be arrested by a peace officer. R.C. 2935.041.
Defendant's attempt to flee from the store security officer took place immediately after his theft offense. In attempting to flee and escape apprehension by the store security guard, the force used by defendant created a potential for physical harm and resulted in actual physical harm to the security guard.
Lastly, appellate counsel suggests that Defendant's conviction for robbery is not supported by legally sufficient evidence and is against the manifest weight of the evidence. We disagree.
Defendant's conviction rests not only upon the testimony of the store security officer who witnessed Defendant's theft offense and apprehended Defendant as he attempted to leave the store, but also upon Defendant's own admissions at trial that he intended to steal the videotapes and batteries in question and that he attempted to flee from the store security officer who apprehended him. Viewing this evidence in a light most favorable to the State, a rational trier of fact could find that all of the essential elements of robbery were proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259. Defendant's conviction is supported by legally sufficient evidence.
To the extent Defendant's testimony at trial creates a conflict in the evidence, and raises a question as to which version of events is more persuasive. However, we cannot find that the trial judge, sitting as the trier of fact, lost his way in accepting the security guard's version of the events as more believable than Defendant's version. On this record, we cannot say that the evidence weighs heavily against a conviction or that a manifest miscarriage of justice has resulted. State v. Martin
(1983), 20 Ohio App.3d 172. Defendant's conviction is not against the manifest weight of the evidence.
In addition to reviewing the issues raised by Van De Vanter's appellate counsel, we have conducted an independent review of the record in this case. We find no prejudicial error in the proceedings of the trial court which deprived Van De Vanter of a fair trial. The judgment of the trial court is affirmed.
___________________________________
THOMAS J. GRADY, PRESIDING JUDGE
___________________________________
JAMES A. BROGAN, JUDGE
___________________________________
WILLIAM H. WOLFF, JR, JUDGE
Copies mailed to:
Hon. Thomas M. Rose
Raymond L. Van deVanter