348

SKAPURA, APPELLANT, *v.* MCFAUL, SHERIFF OF CUYAHOGA COUNTY, APPELLEE.

(No. 77-1084—Decided June 14, 1978.)

*Mr. Stephen Landsman,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for appellee.

O'Neill, C. J. R .C. 2947.151 reads:

"The sheriff in charge of a county jail may, upon a consideration of the quality and amount of work done in the kitchen, in the jail offices, on the jail premises, or elsewhere, allow reductions of inmates' sentences as follows:

"(A) On sentences of ninety days or less, up to three days for each thirty days of sentence;

"(B) On sentences longer than ninety days but not longer than six months, up to four days for each thirty days of sentence;

"(C) On sentences longer than six months, up to five days for each thirty days of sentence.

"The reduction of the inmate's sentence shall become effective only upon the written concurrence of the presiding or sentencing judge or magistrate of the court where the sentence was imposed.

"This section shall in no way restrict any other powers vested in the presiding or sentencing judge or magistrate of the court where the sentence was imposed."

Appellant presents four propositions of law, all of which are directed toward the contention that the Due Process Clause of the Fourteenth Amendment requires an evidentiary hearing where a sentencing judge refuses to concur in a reduction of sentence allowed by a sheriff pursuant to R .C. 2947.151.

Appellant argues that "[o]nce the sheriff has acted, the inmate's interest in the reduction of his jail sentence has become a vested interest," and that the reviewing judge then serves the "same role as * * * a parole board in a revocation hearing * * *."

An examination of the provisions of R. C. 2947.151 leads to the conclusion that reductions of sentence thereunder cannot be equated with parole revocation.

The statute establishes two conditions for the grant-

ing of "good time": (1) allowance of the reduction by the sheriff, and (2) written concurrence of the presiding or sentencing judge. In fact the statute specifies that the reduction "shall become effective *only* upon the written concurrence" of the judge. (Emphasis added.) Thus, the granting of a reduction in sentence under R. C. 2947.151 is discretionary in the first instance.

The cause is similar to *In re Smith* (1949), 33 Cal. 2d 797, 205 P. 2d 662, which involved the granting of time credits to a prisoner by the Adult Authority of California. The court in that case stated, at page 803:

"Time credits do not accrue as a matter of right but must be allowed by affirmative action of the Adult Authority in its discretion * * * and no provision of law requires that the Authority, when considering whether a prisoner has earned and should be allowed credits, need give notice and hearing or make a written finding as to the reason for its action."

It is the conclusion of this court that where a sheriff allows a reduction of an inmate's sentence pursuant to R. C. 2947.151, the sentencing judge, in determining whether to concur in the reduction of sentence, is not required to conduct an evidentiary hearing in the matter or to state reasons for a refusal to concur in such reduction.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.