JOURNAL ENTRY AND OPINION
On December 9, 1999, the relator, Mark Lacavera commenced this mandamus action and named the State of Ohio as respondent. He seeks to compel the "court" (quotations in the original) to rule on his motion for sentence reduction, including "facts and findings." He also seeks to compel the "clerk of courts" to send him copies of his motion and the rulings. On January 6, 2000, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness and lack of a clear, legal duty to perform the requested relief. Mr. Lacavera never filed a response. For the following reasons this court grants the motion for summary judgment.
Mr. Lacavera's petition is fatally defective. He did not properly caption his complaint; instead he captioned his case asMark Lacavera v. State of Ohio. R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for dismissing the writ. Maloney v. Court of Common Pleas of AllenCounty (1962), 173 Ohio St. 226, 181 N.E.2d 270; State ex rel.Larry Calloway v. Court of Common Pleas of Cuyahoga County (Feb. 27, 1997), Cuyahoga App. No. 71699, unreported; State ex rel.Samuels v. Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762, unreported; and State ex rel. White v. Villanueva (Oct. 6, 1993), Cuyahoga App. No. 66009, unreported. Furthermore, Civil Rule 10 (A) requires that the title of the complaint shall include the names and addresses of all the parties. Mr. Lacavera's complaint merely lists his name and the State of Ohio; no addresses are given. Moreover, although the State of Ohio is listed as the respondent, he seeks relief from the "clerk of courts" and the "court." This fails to identify the parties to the case and provides another independent reason to dismiss the case.State ex rel. Andre Crawford v. State of Ohio (March 3, 1994), Cuyahoga App. No. 66660, unreported. Civil Rule 10 (A) also requires that the caption contain the name of the court. Mr. Lacavera's caption states the Court of Common Pleas of Cuyahoga County, not the Eighth District Court of Appeals.
It is also unclear whether Mr. Lacavera properly supported his complaint with an affidavit, specifying the facts of the complaint, as required by Local Appellate Rule 45. The complaint does have the signature and stamp of a notary public, but does not have words of verification or confirmation that Mr. Lacavera swore to the facts in the complaint. The failure to fulfill Local Rule 45 is sufficient grounds for dismissal. State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported; andState ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Examining the merits of Mr. Lacavera's claims also shows that his application for a writ of mandamus is not well founded. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused.State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser
(1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v.Ohio Turnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14;State ex rel. Connole v. Cleveland Board of Education (1993),87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-OakwoodPress v. Dissinger (1940), 32 Ohio Law Abs. 308.
Mr. Lacavera has cited no authority for the proposition that the clerk of courts must return a copy of a filing to the sender if requested. Thus, he has failed to establish that the clerk has a clear, legal duty to perform the requested relief. Crawford,supra.
Attached to the respondent's summary judgment motion is a copy of a signed journal entry, filed stamped September 23, 1999, in which the trial court denied Mr. Lacavera's motion for reduction of sentence. Therefore, the respondent has established that Mr. Lacavera has received at least part of his requested relief, a ruling on his motion for reduction of sentence. Mr. Lacavera's claim for a ruling on his motion is moot.
Finally, there is no duty for a court to issue findings of fact and conclusions of law for a motion for reduction of sentence. In Skapura v. McFaul (1978), 54 Ohio St.2d 348,376 N.E.2d 1339, syllabus, the supreme court ruled that a sentencing judge is not required to state reasons for refusing to grant a reduction in sentence. Cf. State ex rel. Collins v. Pokorny
(1999), 86 Ohio St.3d 70, 711 N.E.2d 683; State v. Girts (1997),121 Ohio App.3d 539, 700 N.E.2d 395; State ex rel. James Lynch v.Judge Burt Griffin (Dec. 6, 1996), Cuyahoga App. No. 71478, unreported; and State ex rel. Marvin Stewart v. Judge WilliamAurelius (Oct. 1, 1998), Cuyahoga App. No. 74954, unreported — No duty to issue findings for a motion to modify sentence.
Accordingly, the respondent's motion for summary judgment is granted and Mr. Lacavera's application for a writ of mandamus is denied. Costs assessed against relator.
JUDGMENT: WRIT DENIED.
TERRENCE O'DONNELL, J., CONCURS.
 ___________________________________ ANN DYKE, ADMINISTRATIVE JUDGE