THE STATE, EX REL. POLLOCK, APPELLANT, *v.* FRANKLIN CTY.
COURT OF COMMON PLEAS, APPELLEE.

[Cite as State, ex rel. Pollock, *v.* Franklin Cty. Court of Common Pleas (1991),
60 Ohio St. 3d 76.]

(No. 91-10—Submitted April 8, 1991—Decided May 29, 1991.)

*Travis C. Pollock, pro se.*
*Michael Miller,* prosecuting attorney, and *Jeffrey L. Glasgow,* for appellee.

*Per Curiam.* We adopt the decision of the court of appeals rendered November 20, 1990, attached as an appendix to this opinion, and affirm its judgment for the reasons stated therein.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

Appendix

BOWMAN, J. Relator, Travis C. Pollock, has filed a petition for a writ of mandamus or, in the alternative, for a writ of prohibition. In response, the Court of Common Pleas of Franklin County, Ohio, has filed a motion to dismiss, pursuant to Civ. R. 12(B)(6) of the Ohio Rules of Civil Procedure, for the reason that respondent fails to state a claim upon which relief can be granted. It is respondent's position that it is unable to discern from the petition filed by relator what relief is sought.

In order for this court to issue a writ of mandamus, relator must show a clear legal right to the relief sought and that the respondent has a clear legal duty to provide such relief. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631. Further, relator must have no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Olander,* v. *Ohio Environmental Protection Agency* (1989), 45 Ohio St. 3d 196, 543 N.E. 2d 1262.

Ohio Civ. R. 8(A) and (E) provide as follows:

"(A) Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of

several different types may be demanded.

"* * *

"(E) Pleading to be concise and direct; consistency.

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

"(2) A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds. All statements shall be made subject to the obligations set forth in Rule 11."

After a review of the petition filed by relator, we are unable to determine what relief relator seeks. Relator apparently contends that the indictment filed was invalid as it was not signed by the foreman of the grand jury. In support of his argument, relator has attached a copy of an indictment in case No. 85CR-10-2929; however, that indictment pertains to an individual other than relator and appears proper on its face in that it was signed by the foreman of the grand jury. Further, if relator was improperly indicted by the grand jury, his remedy is appeal and not a writ of mandamus or prohibition directed to the common pleas court.

Relator, in his petition, does make reference to a motion for post-conviction relief he alleged was overruled by the trial court without providing findings of fact and conclusions of law as required by R.C. 2953.21(E). However, relator's petition and argument are directed to the faulty indictment, and he does not appear to request any relief in regards to the motion for post-conviction relief. If the trial court in fact failed to file findings of fact and conclusions of law, relator should first request the trial court to comply with its mandatory duty pursuant to R.C. 2953.21.

For the foregoing reasons, respondent's motion to dismiss for failure to state a claim upon which relief can be granted is sustained.

*Motion to dismiss sustained.*

WHITESIDE and BRYANT, JJ., concur.