JOURNAL ENTRY AND OPINION
On July 24, 2000, the relator, Charles Chokel, commenced this action for a writ of mandamus or procedendo to compel the respondent, Judge James P. Celebrezze, to rule on three motions requesting changes in visitation or custody which have been pending in the underlying case,Chokel v. Chokel, Cuyahoga County Common Pleas Court, Domestic Relations Division Case No. D-256889. After being granted a leave to plead, the judge moved to dismiss on September 15, 2000. Susan Chokel moved to intervene on September 7, 2000; with this motion she also tendered a motion to dismiss. On October 12, this court allowed Mrs. Chokel to intervene and accepted as filed her motion to dismiss. It also converted the judge's motion to dismiss to a motion for summary judgment under Civil Rule 56. Mr. Chokel filed briefs in opposition in late October. This court also granted his motion to amend his complaint to cure certain procedural defects. For the following reasons, this court grants the motions to dismiss and for summary judgment and denies relief.
 FACTUAL AND PROCEDURAL BACKGROUND
The Chokels had two children from their marriage, Allison Devon born October 22, 1980, and Chad born March 9, 1983. Divorce proceedings commenced on October 6, 1997. On April 23, 1998, the trial court granted a divorce pursuant to the Chokels' separation agreement. Shortly thereafter in August 1998, the parties began filing a plethora of post-decree motions. The subject motions in this writ action are Mr. Chokel's October 22, 1998 motion to modify visitation, his April 14, 1999 supplemental motion to modify visitation or in the alternative to modify custody, and the Guardian ad Litem's December 9, 1999 motion for an emergency change of possession of Chad. These motions claim that Mrs. Chokel has prevented Mr. Chokel from having visitation with Chad. Thus, the subject motions have arguably been pending for eleven to twenty-five months.
On May 26, 1999, the parties "advised the Court that pending the resolution of these motions, they have reached agreement with respect to visitation for Mr. Chokel and the parties' minor child, Chad." (Page one of the entry.) The entry then specified that Mr. Chokel would have specific visitation, drive Chad to gymnastics class and attend counseling sessions with his son, subject to the court's further review.
A review of the docket reveals that along with these motions, approximately fifty other motions have been filed, including Mrs. Chokel's motion for relief from final judgment of divorce, Mr. Chokel's motion for relief from judgment, discovery motions, motions for reimbursement of various fees and expenses, motions relating to the daughter's college expenses, motions for continuance, motions relating to the parties' time-share property, motions to show cause and the corresponding motions for attorneys' fees. Mr. Chokel filed approximately twenty-five motions. The docket also indicates that the court granted the motion for relief from judgment and has been trying to schedule time for a trial. Additionally, the trial court notification forms indicate that the court has scheduled these motions and/or all pending issues for full hearing or contested trial eight times since May 1999. Mr. Chokel asserts that at the last of these hearings held the week of October 2, 2000, the subject motions were not heard.
 DISCUSSION OF LAW
Mr. Chokel maintains that the delay in ruling on the subject motions has been so long that the extraordinary remedies of mandamus or procedendo are necessary to compel a ruling on them. The extraordinary relief is particularly appropriate because Chad will reach the age of majority in a few months, and such time critical motions should not be allowed to become moot.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) the relator must not have or had an adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914; State ex rel. Tran v. McGrath (1997),78 Ohio St.3d 45, 676 N.E.2d 108 and State ex rel. Boardwalk ShoppingCenter, Inc. v. Court of Appeals for Cuyahoga County (1990),56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v.Ohio Turnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14; Stateex rel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger
(1940), 32 Ohio Law Abs. 308.
The writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. Yeev. Erie County Sheriff's Department (1990), 51 Ohio St.3d 43,553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Watkins v. Eighth District Court of Appeals
(1998), 82 Ohio St.3d 532, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Moreover, it will not issue when there is an adequate remedy at law.State ex rel. Utley v. Abruzzo (1985), 17 Ohio St.3d 203, 478 N.E.2d 789
and State ex rel. Reed v. Hansen (1992), 63 Ohio St.3d 597,589 N.E.2d 1324.
It is not clear that a writ should issue. The multiple motions and issues in the underlying case, its corresponding complexity, Mr. Chokel's responsibility in creating the morass, the possibility of adequate remedies at law, the existence of the May 26, 1999 visitation order and his lack of diligence in pursuing these matters cause the court to doubt the appropriateness of granting an extraordinary writ in this matter.
Both the respondent and Mrs. Chokel raise two interrelated arguments. The respondent has not breached his duty to rule on the motions because he has continually worked on this case, as evidenced by the repeated scheduling of all the motions and issues for hearing or trial. The failure to rule on the motions is not an unnecessary delay, but the result of the complexity of the case, in which the parties have raised multiple issues, including the propriety of the divorce and settlement agreement. To force the respondent to rule on the three subject motions, above all the other matters that are pending in this case, would improperly interfere with the respondent's discretion in managing this case. Such interference is prohibited by the principles of mandamus and procedendo.
The parties have presented the respondent with a complex case, with over fifty pending motions. A trial judge, confronted with such a case, must necessarily exercise his discretion in determining which motions present threshold issues and which matters should be resolved first. In managing a case the judge must determine how best to try to effect a comprehensive settlement or how to advance a matter toward a trial which will provide the judge with a solid foundation to make a just resolution. The judge must decide whether a comprehensive trial of all matters would be more efficient than many piecemeal hearings on visitation, custody, property settlements, discovery matters, reimbursements, and attorneys' fees. The judge will also know the parties and their patterns of litigation, including how they endeavor to manipulate the judicial system to achieve their ends. The trial judge will also be aware of the overall equities in the case. The management of a complex case of multiple issues is an integrated whole. Compelling a trial judge to abandon that whole and rule on three, albeit very important, motions interferes with the judge's discretion and management of that case. In State ex rel. Rodgers v. Cuyahoga County Court of CommonPleas (1992), 83 Ohio App.3d 684, 615 N.E.2d 689, this court previously admonished that "[t]he need for discovery, the issue presented, the possibility of settlement, other motions pending in the case, and even other matters pending before the court could all, inter alia, be sufficient reason for the trial court within its proper discretion not to rule upon a motion within one hundred and twenty days." State ex rel.Donald Waddell v. Judge Timothy McMonagle (July 12, 1995), Cuyahoga App. No. 68917, unreported.
Furthermore, it is not clear that the trial court has unnecessarily delayed on ruling on the subject motions. The trial court has set those motions, as well as all the other issues in the case, for hearing or full trial eight times in approximately the last year-and-a-half. This case does not present a picture of total neglect. This court can only speculate as to why the visitation and custody issues were not addressed: Did the court and the parties think that they were resolved, at least during part of the time? Were other issues seemingly more urgent and more important? The fact that this court must speculate further increases its doubt that an extraordinary remedy is mandated. Nor can this court ignore Mr. Chokel's own substantial contribution to the complexity of the case. He has filed twenty-five post-decree motions.
Mrs. Chokel also argues that an adequate remedy at law, a motion to advance pursuant to Local Domestic Relations Division Rule 3 (A), prevents the granting of a writ. Local Rule 3 (A) provides: "No case shall be advanced for pretrial/case management conference, trial, or hearing out of its regular order except. upon order of the judge to whom the case is assigned. All motions to advance must be accompanied with a brief citing in detail the reasons for the request." An adequate remedy at law absolutely prohibits the granting of a writ. In State ex rel. Pressleyv. Ohio Industrial Commission (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, the Supreme Court of Ohio indicated that when it is determined that a relator has a plain and adequate remedy in the ordinary course of the law, neither the Supreme Court nor the Court of Appeals has authority to exercise discretion, but must deny the writ. Admittedly, Mr. Chokel has not filed such a motion.
In response Mr. Chokel argues that a motion to advance is not an adequate remedy because it does not protect his right to receive a ruling on the subject motions. A motion to advance would merely schedule the subject motions for a hearing. The trial court has scheduled those motions for hearing previously, and there has still been no ruling.
Mr. Chokel's argument is not persuasive. The evil that procedendo and mandamus are designed to cure is having a matter sit around too long. The writs order that the subject matter be moved to the top of the list and ruled upon. A motion to advance serves the same purpose. It seeks to draw the court's attention to an important matter and move it to the top of the list for ruling. Because the motion seeks the same end as the writs, this court cannot preclude it as an adequate remedy at law preventing the writs. Cf. State ex rel. Pollock v. Franklin County Court of CommonPleas (1991), 60 Ohio St.3d 76, 572 N.E.2d 679; State ex rel. DonaldRichard v. Judge Frank Gorman (Aug. 19, 1992), Cuyahoga App. Nos. 63333, 63336 and 63682, unreported and State ex rel. Donnie Ballard v. Court ofCommon Pleas (Mar. 15, 1996), Cuyahoga App. No. 69919, unreported, — motions provide an adequate remedy. In the instant case the local rules provide a means, a remedy, for having the court rule on matters quickly.
In addition to contributing substantially to the motion list and the complexity of the case, Mr. Chokel has shown a lack of diligence in pursuing the subject motions. Only three motions have been filed over the course of two years on this matter. He did not avail himself earlier of any remedy to obtain rulings. His failure to do so causes the court to question the actual urgency of the need to override a trial court's inherent power to regulate procedure that justice may be the result. Cf.Rodgers 83 Ohio App.3d at 686.
Finally, there is the ambiguity surrounding the May 26, 1999 entry. It does provide that the parties advised the court "that pending the resolution of these motions", the parties agree. Does that clause mean "because the motions are pending" the parties agree, or does it mean that "while the motions are pending" the parties agree? The court understands that such an ambiguity coupled with Mr. Chokel's lack of diligence could cause the respondent to conclude that Mr. Chokel's motions have been resolved. This additional lack of clarity further causes the court to doubt the propriety of issuing an extraordinary writ.
In summary, this case presents a disturbing dilemma. On the one hand there are time-critical motions which have been pending eleven to twenty-five months and which are in danger of becoming moot without a ruling. On the other hand the respondent is faced with a complex case with fifty pending motions, which he has scheduled repeatedly for pre-trial, hearing and trial. The principles of mandamus and procedendo prohibit interfering with the trial court's discretion and management of a case. Compelling a ruling on the subject motions in the peculiar procedural posture of the underlying case threatens to do just that. Additionally, further doubt about the propriety of issuing an extraordinary writ is generated by Local Rule 3 (A), Mr. Chokel's responsibility for contributing to the morass, his apparent lack of diligence and the ambiguity of the May 26, 1999 order. Procedendo and mandamus are extraordinary writs to be issued with caution and never in doubtful cases. The court has too many doubts in this case to issue the writ.
Accordingly, this court grants Mrs. Chokel's motion to dismiss and the respondent's motion for summary judgment and dismisses this writ action. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58 (B).
 Journal Entry
MOTION BY INTERVENING PARTY SUSAN J. CHOKEL TO DISMISS IS GRANTED. RELATOR TO PAY COSTS. SEE JOURNAL ENTRY AND OPINION OF SAME DATE.
 Journal Entry
MOTION BY INTERVENER TO DISMISS IS GRANTED. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED. THE CLERK IS DIRECTED TO SERVE UPON THE PARTIES NOTICE OF THIS JUDGMENT AND ITS DATE OF ENTRY UPON THE JOURNAL. RELATOR TO PAY COSTS. SEE JOURNAL ENTRY AND OPINION OF SAME DATE.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE
 KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.