### STATE ex DAYTON-OAKWOOD PRESS v DISSINGER, City Mgr.

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1597. Decided June 6, 1940.

H. T. Leyland, Dayton; P. Eugene Smith, Dayton, for relator.

Matthews & Matthews, Dayton, for respondents.

### OPINION

By BARNES, J.

The above entitled cause is now being determined on respondents' general demurrer to relator's petition.

The cause is an original action filed in our court, wherein relator prays for a writ of mandamus directing the defendants, Lawrence M. Dissinger, as City Manager of the City of Oakwood, Ohio, and Alf C. Bergman, Clerk of Council of the City of Oakwood, Ohio, to forthwith deliver copies of Ordinances numbered 1213 to 1293, inclusive, and Resolutions numbered 575 to 614, inclusive, to the relator for publication in its newspaper, for the time and in the manner required by law.

The petition is a four page document, and in substance alleges as follows:

The first paragraph contains the allegations that the relator is and was at all times mentioned a corporation duly organized and so forth, with its principal place of business in the City of Oakwood, Montgomery County, Ohio.

The second paragraph reiterates the allegations in the first in somewhat different form, but identical in substance.

The third paragraph alleges that the City of Oakwood is and was a municipal corporation and so forth.

The fourth paragraph alleges that the defendant, Lawrence M. Dissinger, is the duly appointed and acting City Manager; that as such City Manager he is charged with the supervision and direction of all lesser municipal offices and by reason thereof is charged with the duty of publishing all Ordinances and Resolutions initiated and passed by the council of said corporate municipality, required by law to be so published.

The fifth paragraph alleges that the defendant, Alf C. Bergman, was the duly appointed and acting Clerk of the Council of the City of Oakwood; that as such he is custodian of the records of the acts of such council, and further, is specifically charged with the duty of publishing all Resolutions and Ordinances passed by council, required by law to be so published.

In the sixth paragraph relator says that he is a taxpayer and owner and publisher of a newspaper of general circulation in Montgomery County, Ohio; then follows the allegation as to its staff and the general character of its newspaper publications; further, that its newspaper is published once each week and has been so published once each week since March 4, 1935; that relator has been publishing its said newspaper since January 26, 1937, at its regular place of business in the City of Oakwood, Ohio; that prior to January 26, 1937, the publication was by The Oakwood Publishing Company; and that said newspaper has a circulation in Montgomery County, Ohio, of approximately 48,000 copies; that the Oakwood edition of said newspaper is known as The Oakwood Press, and that said newspaper is regularly distributed to every home in the entire City of Oakwood, being approximately 2400 copies, and 2500 copies in the vicinity of the municipality of Oakwood; and that the edition of said newspaper circulated outside of the City of Oakwood is known as The Dayton Press.

In the seventh paragraph, relator says that the newspaper is the only newspaper printed and published of general circulation in the City of Oakwood, Ohio; that the City of Oakwood is a municipality organized under the provisions of §3515-1 GC, and is governed by a council in pursuance to the plan of organization known as the "City Manager Plan", as defined by said General Code; that in pursuance to the powers granted to said City of Oakwood by said General Code provisions for said City Manager Plan, said defendant City of Oakwood has enacted Ordinances of a general nature and Resolutions providing for public improvement and assessing property within said City of Oakwood, Ohio; further, that said Ordinances and Resolutions have been enacted and passed from time to time since the printing, publishing and circulation of relator's newspaper in said City of Oakwood, and that such Ordinances are numbered consecutively in the order of their enactment, and the Resolutions are numbered consecutively in the order of their adoption; further, that Ordinances Nos. 1213 to 1293, inclusive, enacted by the Council of said City of Oakwood, Ohio, have not been published, and Resolutions Nos. 575 to 614, inclusive, have not been published by said defendant in relator's newspaper; further, that the defendant Lawrence M. Dissinger, as City Manager, and Alf C. Bergman, as Clerk of Council, have failed and neglected to deliver to this relator copies of said Ordinances and Resolutions for publication in relator's newspaper.

Then follows the prayer, as heretofore set out.

The respondents' general demurrer questions the sufficiency of the petition.

The nature of the action at once directs our attention to the sections of the Code relative to publishing municipal ordinances, both general and under the manager form of government, and as to the obligations and duties of the manager and clerk of council relative to such publication.

We find no section, nor is any such section cited to us in counsel's brief, wherein the Legislature has specifically placed upon the manager or the clerk of council the duty to attend to publication of Ordinances or resolutions, either or both.

The government of the City of Oakwood is outlined in §3515-19 GC et seq.

Sec. 3515-23 GC prescribes powers to be exercised by council. These powers are very general and all inclusive, except where otherwise prescribed.

Sec. 3515-24 GC gives to the city council the power of appointing clerk, treasurer, auditor and solicitor and so forth.

Sec. 3515-27 GC prescribes the duties of the city manager, among which is listed "to see that the laws and ordinances are faithfully executed." Also "to perform such other duties as the council may determine by ordinance or resolution." The duties prescribed are essentially administrative.

Sec. 3515-49 provides for the appointment by council of a clerk and such other officers and employees as may be deemed necessary. This section further provides that the clerk shall keep the records of the council and perform such other duties as may be required by Ordinances or Resolutions.

Sec. 3515-55 relates to publication of ordinances, and reads as follows:

"3515-55. Publication of ordinances. All ordinances or resolutions shall be in effect from and after thirty days from the date of their passage except as otherwise provided in this act. Ordinances of a general nature, or providing for public improvements, or assessing property shall, upon passage, be promptly published one time in not more than two newspapers of general circulation in the municipality. Such ordinances shall be printed in the body type of the paper under head lines in eighteen point type, which shall specify the nature of such legislation. For the publication of ordinances no newspaper shall be paid any higher price than its maximum bona fide commercial rate."

Counsel for relator makes the claim that §6255 GC is in pari materia with the above §3515-55, and should be read in connection therewith. Counsel for respondents controvert this claim.

Sec. 6255 reads as follows:

"6255. Newspapers Qualified for Publication of Legal Notices. Whenever any legal publication is required by law to be made in a newspaper or newspapers published or printed in a municipality, county, or other political subdivision, the newspaper or newspapers used shall have at least one side thereof printed in such municipality, county, or other political subdivision; and whenever any legal publication is required by law to be made in a newspaper or newspapers of general circulation in a municipality, county, or other political subdivision, without further restriction or limitation upon a selection of the newspaper to be used, such publication shall be made in a newspaper or newspapers at least one side of which is printed in such municipality, county, or other political subdivision, unless there be no such newspaper or newspapers so printed, in which event, only, such publication shall be made in any newspaper or newspapers of general circulation therein. Where there are not two or more newspapers published and printed in any municipality, county, or other political subdivision in the manner defined by the provisions of this act, then any legal publication required by law to be made in a newspaper or newspapers published or printed in a municipality, county, or other political subdivision may be made in any newspaper or newspapers regularly issued at stated intervals from a known office of publication located within the municipality, county, or other political subdivision. For the purpose of this act a known office of publication is a public office where the business of the newspaper is transacted during the usual business hours, and such office shall be shown by the publication itself."

No claim is made that the City of Oakwood has enacted any ordinances conferring upon the city manager or the clerk of council, either or both, the obligation or duty to attend to the publication of ordinances.

We are authorized to and will take judicial notice of the fact that no such ordinance exists.

The sufficiency of the petition must be determined in the light of the provisions of pertinent sections of the General Code of Ohio, aided by decisions of the courts on kindred questions.

The law in Ohio is well defined that a writ of mandamus will not lie except where the law prescribes a plain duty. It is an extraordinary writ, not to be issued in doubtful cases.

There are instances in which the duty may be implied as attending specific provisions of the law. We do not think this principle can apply in the instant case. There is nothing in the sections of the Code prescribing the duties of city managers or clerks of council which may be construed as inferentially prescribing the duty on either or both to attend to the publication of ordinances.

As heretofore stated, and as the name would imply, the city manager is an administrative officer.

He enforces ordinances and resolutions when they are passed. There is also a provision of the section that he may recommend legislative action. Likewise, the Governor of the state makes recommendation for legislation. Mayors of cities also make recommendation to members of council, but it can not be urged for one minute that either the governor or mayor have anything to do with the mechanics of enacting laws, including publication where such is required.

The clerk of council, as the term implies, is a clerical position. It is his duty to make minutes of the proceedings of council and perform such other duties as the council orders. Upon the proper passage of an ordinance or a resolution by the council, it might by motion order the clerk or even the city manager, to attend to its publication. However, in that event it would be the act of the city council and the clerk or manager would simply be acting for them as their representative.

Much of the argument as presented in the briefs of counsel, is directed to the question as to whether or not ordinances and resolutions should be published rather than to the question as it affects the respondents, the city manager and the clerk. As heretofore indicated, it is the claim of counsel for the respondents that §3515-55 GC, is complete within itself, and is the only section bearing on the question of publication of ordinances and resolutions of a municipality having a manager plan of government; while counsel for relator insist that §6255 GC, which is a general section relating to publication of ordinances. is applicable and in pari materia with §3515-55.

It is essential to relator's theory of the case that §6255 GC be given application. Under its plain terms it defines some of the provisions of §3515-55 GC. This conclusion by no means determines the controversy, even on relator's theory.

We have been referred to the case of **McCormick v City of Niles, 81 Oh St 246.** In the reported case the plaintiff brought an action to recover from the defendant city the sum of $651.71 for publication of certain ordinances, resolutions, notices and so forth. The trial court directed a verdict against the plaintiff. The case was carried to the Circuit Court, where the judgment was affirmed, and then to the Supreme Court, and the latter also affirmed.

Syllabi 1 and 2 read as follows:

"1. The liability of a municipal corporation to pay for the publication of ordinances, resolutions and legal notices required by law to be published, must rest on express contract, and not upon a mere account for the rendition of such services.

2. Where the statute has not prescribed the person who shall execute such a contract in behalf of a municipal corporation, it is consistent with §1536-653, Revised Statutes, for council by ordinance or resolution, to authorize the clerk thereof to execute such contract according to the directions of the council."

On page 253 of the opinion, Price, J., speaking for the court, uses the following language:

"There is not an allegation that any officer of the city contracted with the plaintiff for the publication of the ordinances, etc.; and no price was named for the work—but merely that it was done at request of the city auditor and clerk of council."

Towards the bottom of the same page we find the following:

"It is claimed, therefore, that publication in that manner is mandatory, and for that reason no express contract is necessary. * * * But it must be observed that this statute, fixes maximum rate, and no minimum rate. Hence it is practicable to contract for a much lower rate than the maximum and thereby make large savings for the city or village."

Also on page 255:

"The council appears to be the source of authority to contract, and it is the authority to make the necessary appropriations. Conferring such authority on the clerk of council would be consistent with his duties under §1536-653, Revised Statutes."

The sum and substance of the opinion, as we read it, is that plaintiff was not permitted to recover because she was unable to prove an express contract with the council or its authorized representative.

Applying the principles announced in the reported case that recovery can only be had after proving contract for such publication, how can it be urged in the instant case that relators are entitled to peremptory writ? Even if it is legal requirement that ordinances and resolutions must be published before they become effective, how can the court take away from the city council the right to contract for such publication? While the failure to publish might render the ordinances unenforceable and of no effect, yet it can not be said that the relator, or any other person, has a vested right in the enactment of ordinances.

The only other case to which our attention has been called on this point is that of Davis v Davis, Clerk, 6 N. P., N. S. 281.

It is our conclusion that relator's petion does not state a cause of action against the defendants, Lawrence M. Dissinger, City Manager, and/or Alf C. Bergman, as clerk of council of the City of Oakwood, Ohio. Therefore the demurrer will be sustained.

If relator desires, he may have leave to amend his petition within two weeks, otherwise the action will be dismissed at relator's costs.

HORNBECK, PJ. & GEIGER, J., concur.