THE STATE, EX REL. TAYLOR, APPELLANT, *v.* GLASSER, JUDGE, ET AL., APPELLEES.

(No. 76-1165—Decided June 15, 1977.)

Mr. *Jeffrey I. Goldstein*, for appellant.

Mr. *Anthony G. Pizza*, prosecuting attorney, Mr. *Jeffrey D. Swartz* and Mr. *Curtis E. Posner*, for appellees.

*Per Curiam.* Appellant contends that the denial by the Court of Appeals of the extraordinary writs was in error. His proposition rests upon the following assertions: (1) R. C. 2951.041 is a remedial statute and is applicable, since the proceeding occurred after the effective date of the statute; (2) a writ of mandamus or, in the alternative, prohibition should be allowed because R. C. 2951.041 imposes a duty upon the trial court to grant a hearing to those who qualify.

R. C. 2951.041(B) provides, in part:

"* * * Where a plea of not guilty is entered, a trial shall precede further consideration of the offender's request for treatment in lieu of conviction."

It is uncontroverted that a plea of not guilty was entered by appellant.* The legislative command is explicit. A trial on appellant's plea of not guilty shall be held before assessment of his request for treatment in lieu of conviction.

Mandamus and prohibition are extraordinary remedies, to be issued with great caution and discretion and only when the way is clear. *State, ex rel. Kriss,* v. *Richards* (1921), 102 Ohio St. 455; *State, ex rel. Skinner Engine Co.,* v. *Kouri* (1940), 136 Ohio St. 343. The purpose of mandamus is to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. *State, ex rel. Riley Constr. Co.,* v. *East Liverpool Bd. of Edn.* (1967), 10 Ohio St. 2d 25. The function of prohibition is to prevent an inferior court or tribunal from usurping or exercising jurisdiction with which it is not legally vested. *State, ex rel. Ferrebee,* v. *Court of Appeals* (1968), 14 Ohio St. 2d 109.

On an appeal as a matter of right from a judgment of

---

*This fact was stipulated in the Court of Appeals.

the Court of Appeals in an action for an extraordinary writ, the Supreme Court will review the judgment as if the action had been originally filed in this court. *State, ex rel. Pressley, v. Indus. Comm.* (1967), 11 Ohio St. 2d 141. Thus, absent the demonstration of a clear legal duty to perform as demanded and of an unauthorized usurpation of judicial authority the respective writs of mandamus and prohibition will not lie. Appellant's inability to prove the facts necessary to demonstrate a clear legal duty upon appellee or a usurpation of judicial authority by appellee under the circumstances, *sub judice*, is obvious. Consequently, the granting by the Court of Appeals of appellant's petition would have been contrary to the statutory dictates of R. C. 2951.041(B) and to the very essence of these extraordinary writs. *State, ex rel. Myers, v. Chiaramonte* (1976), 46 Ohio St. 2d 230; *State, ex rel. Baker, v. Hanefeld* (1938), 134 Ohio St. 540.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT, J., concurs in the judgment.