THE STATE, EX REL. SHINE, APPELLANT, *v.*
GAROFALO, CLERK, APPELLEE.

[Cite as State, ex rel. Shine, v. Garofalo (1982),
69 Ohio St. 2d 253.]

(No. 81-1259—Decided February 17, 1982.)

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A.,* and *Mr. Ronald G. Macala,* for appellant.

*Mr. James R. Unger,* prosecuting attorney, and *Mr. Michael P. Zirpolo,* for appellee.

CLIFFORD F. BROWN, J. Appellant seeks, by way of an extraordinary writ, judicial review of the alleged termination of her employment by appellee. As an employee in the state's

classified civil service, however, the avenue for review of her removal is through the State Personnel Board of Review. Such a hearing is an essential element of the civil service system. *Yarosh* v. *Becane* (1980), 63 Ohio St. 2d 5, 10. The issue to be decided is whether appellant has a plain and adequate remedy in the ordinary course of the law, so that a writ of mandamus will not lie. See R. C. 2731.05.

Appellant asserts that, since her employer failed to file an order of removal as required by R. C. 124.34 for terminated classified civil service employees, her ordinary remedy by way of appeal to the board of review has been precluded. The authority for this proposition is found in *State, ex rel. Alford,* v. *Willoughby* (1979), 58 Ohio St. 2d 221, at page 229:

" * * * [T]he right to appeal an order of removal to the civil service commission is contingent upon the appointing authority filing the order of removal with the commission. * * *

"R. C. 124.34 grants a right of appeal to a discharged classified employee upon the performance of a condition precedent—the filing of the order of removal with the commission by the appointing authority. In this cause, if no order was filed with the commission, then the appellants had no right of appeal, and no adequate remedy in the ordinary course of the law. In such circumstances, mandamus will lie to compel reinstatement." (Citations omitted.)

Our decision in *Alford* was issued May 30, 1979. Thereafter, the board of review promulgated two administrative rules clarifying the review procedure under R. C. 124.34. Ohio Adm. Code 124-5-02, effective July 1, 1979, provides:

"If a reduction, removal or suspension is alleged and no 'Section 124.34' order has been filed with the state personnel board of review, the affected employee shall prove, by a preponderance, that the reduction, removal or suspension has occurred."

Ohio Adm. Code 124-1-03, effective July 26, 1979, provides in relevant part:

"(D) If an appointing authority fails to file an order or provide an employee with written notice, the affected employee shall file an appeal within thirty calendar days of the time he has actual notice of the action."

The board of review's order dismissing the appeal relied on the 30-day limit set forth in Ohio Adm. Code 124-1-03(D). This rule, as well as Ohio Adm. Code 124-5-02, conflicts with the *Alford* opinion, which states that the board of review loses jurisdiction over job actions taken without the filing of an order of removal.

This court has re-examined R. C. 124.34, and now concludes that the filing of an order of removal is not a jurisdictional prerequisite to the right of appeal before the board of review. The thrust of that statute is to provide classified civil service employees with a prompt hearing before a body with expertise in the area of civil service law concerning any job action to which they were subject. The effect of our decision in *Alford* was to make the board of review's expertise unavailable to civil servants whose employers failed to comply with their statutory duty. Such employees would be limited to the extraordinary remedy of a writ of mandamus. The creation of such a caseload for our courts is neither necessary nor desirable.

The board of review is empowered by R. C. 124.03(F) "[t]o adopt and promulgate rules * * * for the purpose of invoking the jurisdiction of the board in hearing appeals of appointing authorities and employees" from final decisions of appointing authorities affecting employees in the classified civil service. We conclude that the administrative rules establishing a 30-day period within which civil service employees may appeal job actions by employers who fail to file removal orders fall within the authority granted the board of review. Therefore, appellant has a plain and adequate remedy in the ordinary course of the law by way of an appeal under R. C. 124.34.

The Court of Appeals correctly dismissed the complaint for a writ of mandamus, and its judgment is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, PATTON and KRUPANSKY, JJ., concur.

PATTON, J., of the Eighth Appellate District, sitting for HOLMES, J.