The STATE ex rel. CONNOLE et al.

v.

CLEVELAND BOARD OF EDUCATION et al.

[Cite as *State ex rel. Connole v. Cleveland Bd. of Edn.* (1993), 87 Ohio App.3d 43.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64879.

Decided April 6, 1993.

44

*Mary A. Lentz* and *Thomas P. Gill,* for relators.

*George Crisci,* for respondents.

NAHRA, Presiding Judge.

■ On January 6, 1993, the relators, William A. Connole, Jr., Timothy Donelon, Sean P. Gallagher, John F. Gill, Arnold L. Mitchell and Denis P. Sweeney, Jr., commenced this mandamus action against the respondents, the Board of Education of the Cleveland City School District ("the board") and the individual board members: Lawrence Lumpkin, James Lumsden, Susan Leonard, Leon Laurence, Stanley Tolliver, James Carney and Gary Kucinich. The relators, who were permanent classified civil service employees for the board in such positions as steamfitter and plumber, allege that on October 29, 1992, they were laid off by respondents ostensibly for lack of funds. The relators were noticed on October 30, 1992, that they would be terminated as of November 6. The gravamen of the complaint is that the respondents violated R.C. 124.321 by not filing the required statement of rationale and supporting documentation for the lack of funds before sending the layoff notices. Therefore, the relators argue that mandamus lies to compel the respondents to reinstate them immediately to their positions with back pay and all other benefits. The respondents moved to dismiss because the relators had or have an adequate remedy at law. The parties have fully briefed this issue, and for the following reasons this court grants the motion to dismiss.

R.C. 124.328 provides in pertinent part as follows: "An employee may appeal a layoff * * * to the state personnel board of review. The appeal shall be filed or postmarked no later than ten days after receipt of the notice of layoff or after the date the employee is displaced." R.C. 124.40 specifies that the "municipal civil service commission shall exercise all other powers and perform all other duties with respect to the civil service of such city, city school district * * *, as prescribed in this chapter and conferred upon * * * the state personnel board of review with respect to the civil service of the state." Similarly, Section 8.50 of the Rules of the Civil Service Commission of the city of Cleveland provides laid-off employees with the right of appeal. See, also, R.C. 124.34, which allows employees to appeal to the state personnel board of review for cases of removal, reduction or suspension of more than three days. Again the time period for filing

the appeal is ten days. Thus, Ohio law provides public employees with the opportunity to appeal layoffs. In the present case an appeal to the Cleveland Civil Service Commission would have been the appropriate vehicle.

The courts of Ohio have consistently ruled that such appeals provide an adequate remedy for civil servants who allege they have been wrongfully laid off. Moreover, this remedy precludes mandamus. In *State ex rel. Shine v. Garofalo* (1982), 69 Ohio St.2d 253, 23 O.O.3d 251, 431 N.E.2d 680, syllabus, the Ohio Supreme Court held: "An employee in the classified civil service who alleges she has been removed from her employment has a plain and adequate remedy in the ordinary course of the law by way of appeal to the State Personnel Board of Review under R.C. 124.34, even though her employer fails to file an order of removal with the board of review." Significantly, the Ohio Supreme Court in *Shine* overruled a previous decision, *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 12 O.O.3d 229, 390 N.E.2d 782, which held that the employer's filing of the removal order with the civil service commission was a jurisdictional prerequisite for an appeal; if no removal order was filed, then the employee could bring a mandamus action to review his termination. In holding that such a filing was not jurisdictional, the court considered the effect of regulations issued after *Alford* as well as re-examining the statutory scheme. The court reasoned that the statutes providing for appeal of civil service issues were designed to afford "classified civil service employees with a prompt hearing before a body with expertise in the area of civil service law." Recognizing exceptions to that policy, such as *Alford*, would make that expertise unavailable to aggrieved civil servants and would also create a civil service mandamus case load for the courts which would be "neither necessary nor desirable." *Shine*, 69 Ohio St.2d at 256, 23 O.O.3d at 253, 431 N.E.2d at 682.

Since *Shine* the Ohio Supreme Court has reaffirmed the principle that laid-off public employees have no recourse to mandamus, because appeal is an adequate remedy. *State ex rel. Cartmell v. Dorrian* (1982), 70 Ohio St.2d 128, 24 O.O.3d 236, 435 N.E.2d 1112; *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 11 OBR 491, 464 N.E.2d 556 ("*Cartmell II*"); *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 605 N.E.2d 37.

Furthermore, appeal is not an inadequate remedy because the time allowed for appeal has expired. " 'It is firmly established that the writ of mandamus will not issue "* * * where the relator has *or had available* a clear, plain and adequate remedy in the ordinary course of law." ' (Emphasis added.)" *State ex rel. Boardwalk Shopping Center, Inc. v. Cuyahoga Cty. Court of Appeals* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86, quoting *State ex rel. Berger v. McMonagle* (1983), 6

Ohio St.3d 28, at 30, 6 OBR 50, at 51, 451 N.E.2d 225, at 227; *Cartmell II.* Thus, the fact that the time for appeal may have well expired for the relators does not position them to seek mandamus.

The relators endeavor to counter this well-established law by arguing that the respondent's failure to file the supporting documentation renders the layoffs void *ab initio* and consequently makes their injuries and procedural posture so unique that they have no adequate remedy at law. They further submit that such a void act renders an appeal to the civil service commission a vain and futile gesture, the pursuit of which would be wasteful, time-consuming and violative of judicial economy. These arguments are not persuasive.

R.C. 124.328 is unambiguous. If an employee is laid off, then his remedy is to appeal to the state personnel board of review or the city's civil service commission. The relators admit they were laid off. Thus, they come squarely within the scope of the statute. To create an exception would be to undermine the statutory scheme and violate the principles of statutory interpretation.

Furthermore, no rationale is offered why the failure to file the supporting documentation renders this situation unique, and this court can find none. Rather, this court will follow the admonitions of the Ohio Supreme Court in *Shine.* There, the Supreme Court confronted an exception to the adequate remedy rule: the failure to file the order of removal was a jurisdictional prerequisite to appeal; if no filing was made, there could be no appeal. Noting that mandamuses, addressing the injuries of laid-off civil servants who had not exhausted their appeals, were neither necessary nor desirable, the court reversed itself and reaffirmed the principle that appeals are adequate remedies.

Moreover, relators reliance on *Romeo v. Campbell Civ. Serv. Comm.* (Nov. 10, 1987), Mahoning App. Nos. 86 C.A. 36, 86 C.A. 37 and 86 C.A. 38, unreported, 1987 WL 20086, is misplaced. In *Romeo,* the laid-off public employee correctly appealed to the civil service commission. Similarly in *State ex rel. Bush v. Spurlock* (May 9, 1990), Hamilton App. No. C–870693, unreported, 1990 WL 59263, the classified civil servants who had been laid off appealed their employer's violation of R.C. 124.321 to the civil service commission, which determined that the layoffs were improper. Thus, these cases indicate that layoffs in violation of R.C. 124.321 present no unique circumstances which should permit mandamus in lieu of appeal. Rather, they demonstrate that the statutory scheme protects workers, such as the relators.

■ Although the relators argue that all of the cases cited by the respondents are distinguishable because none consider whether mandamus is available for

violations of R.C. 124.321, the relators point to no authority in which a court granted mandamus before an appeal was taken for violations of that statute. Thus, this case also invokes the principle that because mandamus is an extraordinary remedy, it should not be granted when the law is not clear. *Cartmell II*, 11 Ohio St.3d at 179, 11 OBR at 492, 464 N.E.2d at 559.[1]

The argument that an appeal would be wasteful and vain is not well founded. In *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, syllabus, the court held: "Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law."

Accordingly, this court grants the motion to dismiss and denies the mandamus. The relators' motion for an alternative writ is denied. The respondents' motion for leave to file a response (Motion No. 36750) is granted; the relators' motion for leave to file a reply (Motion No. 37116) is granted. The cause is dismissed. Relators to pay costs.

*Cause dismissed.*

KRUPANSKY and PORTER, JJ., concur.

---

1. A review of the case law reveals that mandamus is available to civil servants only after they have exhausted their appeals, and the employer does not abide by the decision in favor of the employees. In such cases the court will grant mandamus to reinstate employees with all benefits. In the present case, however, there is not a scintilla of evidence in the pleadings, briefs and other materials to indicate that the relators have progressed that far. Given the materials before this court, it would be unreasonable to speculate that relators are in such a position to seek mandamus. Their failure to plead such facts also precludes relief. *State ex rel Temke v. Outcalt* (1977), 49 Ohio St.2d 189, 190, 3 O.O.3d 248, 249, 360 N.E.2d 701, 702: "Relators in mandamus must plead and prove the existence of all necessary facts."