PETITION FOR WRIT OF MANDAMUS
 JOURNAL ENTRY AND OPINION
On October 13, 1998, the relator, George E. Scott, commenced this mandamus action against the respondent, Judge Thomas Pokorny, to compel him to correct and properly enforce the sentencing entry in the underlying case, State off Ohio v. GeorgeScott, Cuyahoga County Common Pleas Court Case No. CR — 268115.
In State of Ohio v. George Scott, Cuyahoga County Common Pleas Court Case No. CR-236579 in 1989, Mr. Scott pleaded guilty to three counts of robbery, and the court imposed three concurrent sentences of three to fifteen years. In the underlying case in 1991, Mr. Scott pleaded guilty to one count of robbery; the respondent sentenced him to three to fifteen years concurrent with the earlier sentences. However, the journal entry read "to run concurrent with CR-269579", not CR-236579 Mr. Scott also attached to his complaint a "printout" on his sentences which states his maximum sentence expiration date as October 25, 2007. This is approximately one more year that his expected release date from the underlying case and three more years than his expected release date from the earlier case. Mr. Scott seeks mandamus to compel the judge to correct the typographical error and as well as its perceived consequences, an improperly extended sentence.
In the present case the respondent moved for summary judgment on the typographical error claim. This court granted partial summary judgment to the respondent on that claim because the judge had corrected the error and because Criminal Rule 36 was an adequate remedy at law. The court denied summary judgment on the extended sentence claim because it was not addressed.
On July 13, 1999, the respondent, relying on the "printout" attached to the complaint, moved to dismiss the extended sentence claim. The respondent argues that the sentences were not improperly extended because Mr. Scott was a parole violator and that the additional time is "lost time" which the Adult Parole Authority properly added onto Mr. Scott's sentence. When a parole violator is returned to prison, the original sentence is extended by the length of time that the inmate was on parole; this extension is known as "lost time." The judge also argues that the Adult Parole Authority adjusts the sentence for lost time and has the power to correct it, if necessary, on that point. Mr. Scott never opposed this second dispositive motion.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board off Education
(1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel.Dayton — Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
In the present case the "printout" attached to the complaint indicates that Mr. Scott is a parole violator and subject to lost time. Mr. Scott does not dispute the allegations in the respondent's motion. Thus, he has not established a clear, legal right to a corrected sentence, because he has not established that the sentence is wrong. Nor has he established that the respondent has a clear, legal duty to correct the sentence. Because Mr. Scott has not fulfilled the requisite elements for a writ of mandamus to issue, the court grants the respondent's dispositive motion. Costs assessed against relator.
Writ denied.
ANN DYKE, J., CONCURS.
 ______________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE