JOURNAL ENTRY AND OPINION
On October 23, 2001, Relator, Daniel R. Cook, filed a petition for a writ of mandamus which seeks an order compelling the respondent, Judge John D. Sutula, to issue findings of fact and conclusions of law pertaining to the post-conviction relief motion to vacate his sentence filed on November 20, 2000, in State v. Cook, Cuyahoga County Court of Common Pleas Case No. CR-387756. On November 19, 2001, the respondent, through the Cuyahoga County Prosecutor's office, filed a purported answer and motion for summary judgment. Attached to the motion for summary judgment were findings of fact and conclusions of law pertaining to a motion for judicial release. Thereafter, on December 6, 2001, respondent, through the Cuyahoga County Prosecutor's office, filed a motion for extension of time to file an answer to relator's petition. This court granted the motion for extension of time and respondent's answer was due on or before December 27, 2001. However, respondent did not file an answer. The relator's petition for a writ of mandamus is granted for the following reasons:
 The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v. Cleveland Board of Education
(1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
A review of the record in the underlying case indicates that Judge Sutula denied relator's post-conviction relief petition on or about November 24, 2000. However, the court did not issue findings of fact and conclusions of law. Pursuant to R.C. 2953.21, the relator has a clear legal right for the court to issue findings of fact and conclusions of law. Conversely, the respondent has a clear legal duty to issue such findings of fact and conclusions of law. Relator also does not possess an adequate remedy at law.
Accordingly, the respondent's motion for summary judgment filed on November 19, 2001, is denied. Respondent shall file findings of fact and conclusions of law regarding relator's petition for post-conviction relief filed on November 20, 2000 in Case No. CR-387756 within thirty days of the date of this entry. Respondent to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ allowed.
TIMOTHY E. McMONAGLE, P. J. and COLLEEN CONWAY COONEY, J., CONCUR.