ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On March 13, 2002, the relator, Pacific Financial Services of America, Inc., filed a complaint in mandamus and an application for an alternative writ of mandamus. On April 8, 2002, this court denied the application for an alternative writ of mandamus. Thereafter, on March 25, 2002, the respondent, through the Cuyahoga County Prosecutor's office, filed a motion to dismiss, or in the alternative, a motion for summary judgment. On May 3, 2002, relator filed a response to the respondent's motion to dismiss.
{¶ 2} The requisites for mandamus are well established: 1) the relator must have a clear legal right to the requested relief, 2) the respondent must have a clear legal duty to perform the requested relief, and 3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Cannole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
{¶ 3} In the matter sub judice, relator is requesting that this court order the Cuyahoga County Clerk of Courts to return the deed to property located at 8332 and 8550 State Route 224, Deerfield, Ohio, which relator posted as a bond in Midwest Fireworks Manufacturing Company, Inc. v. Albert Gibel, et al., Cuyahoga County Court of Common Pleas Case No. CV-367569. A review of the record indicates that, pursuant to an agreed judgment entry filed on April 23, 2000, a quit claim deed was to be held by the Cuyahoga County Clerk of Courts in lieu of a $170,000 surety bond during the pendency of the above-titled action and until further order of the court.
{¶ 4} However, the record indicates that the trial court has not ordered the release of the subject property. Therefore, the Cuyahoga County Clerk of Courts does not have, at this time, a clear legal duty to perform the requested relief.
{¶ 5} Accordingly, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
ANN DYKE, P.J., AND TERRENCE O'DONNELL, J., CONCUR.