ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} William Kimbrough, the relator, has filed a petition for a writ of mandamus. Kimbrough seeks an order from this court which requires Judge Lillian Greene, the respondent, to issue findings of fact and conclusions of law with regard to a petition for post-conviction relief that was filed in the underlying case of State v. Kimbrough, Cuyahoga County Court of Common Pleas Case No. CR-367847. Judge Greene has filed a motion for summary judgment which we grant for the following reasons.
 {¶ 2} In order for this court to grant a writ of mandamus, Kimbrough must establish that: 1) he possesses a clear legal right to the requested relief; 2) Judge Greene possesses a clear legal duty to perform the requested relief; and 3) there exists no adequate remedy in the ordinary course of the law. State ex rel. Niehaus (1987),33 Ohio St.3d 118; 515 N.E.2d 914. In addition, mandamus is an extraordinary remedy which must be issued with great caution and only when there exists a clear legal right to the remedy that is sought. Stateex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165; 364 N.E.2d 1; Stateex rel. Shafer v. Ohio Turnpike Commission (1953), 150 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education
(1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 3} In the case sub judice, Kimbrough seeks findings of fact and conclusions of law with regard to the denial of his petition for post-conviction relief. Judge Greene, however, possesses no legal duty to issue findings of fact and conclusions of law with regard to the journal entry, as journalized on August 22, 2001, which denied Kimbrough's petition for post-conviction relief. R.C. 2953.21, the post-conviction relief statute, provides in pertinent part that:
 {¶ 4} (A)(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 5} Herein, Kimbrough filed a direct appeal with this court on June 2, 1999, and the trial court transcript was filed with the Clerk of the Eighth District Court of Appeals on August 16, 1999. Pursuant to the application of R.C. 2953.21(A)(2), Kimbrough was required to file his petition for post-conviction relief no later than February 12, 2000. Kimbrough, however, did not file his petition for post-conviction relief until August 14, 2001. Kimbrough's petition for post-conviction relief was thus untimely and Judge Green possessed no legal duty to issue findings of fact and conclusions of law upon the denial of the untimely petition. State v. Beaver (1998), 131 Ohio App.3d 458, 722 N.E.2d 1046,State ex rel. Jackson (Aug. 31, 2000), Cuyahoga App. No. 77999.
 {¶ 6} It must also be noted that Kimbrough improperly captioned his petition for a writ of mandamus. A request for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying. The failure of Kimbrough to properly caption his petition constitutes sufficient reason for dismissal. Allen v. Court of CommonPleas of Allen Cty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v.Judge Cleary, et al. (Jan 11, 2001), Cuyahoga App. No. 78763.
 {¶ 7} Accordingly, we grant Judge Greene's motion for summary judgment. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment and date of entry, pursuant to Civ.R. 58(B), upon all parties. Costs to Kimbrough.
TIMOTHY E. McMONAGLE, A.J. AND ANN DYKE, J. CONCUR