JOURNAL ENTRY AND OPINION
On July 15, 2002, the relator, Vidal Brown, commenced this mandamus action against the respondent, Judge Robert Glickman, to compel him to issue an order to the Cuyahoga County Clerk of Courts to release copies of relator's records from State v. Brown, Cuyahoga County Court of Common Pleas, Case No. CR-299097. On August 15, 2002, the respondent, through the Cuyahoga County Prosecutor, filed a motion to dismiss. For the following reasons, we grant the respondent's motion to dismiss.
A review of the record indicates that on or about June 11, 2002, relator filed a motion for public records. According to the petition, relator was attempting to obtain a copy of the police complaint, indictment, discovery and sentencing entry. On June 20, 2002, Judge Glickman denied the motion.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v. Cleveland Board of Education (1993),87 Ohio App.3d 43, 621 N.E.2d 850. Additionally, while mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
The respondent argues that Brown failed to demonstrate his right to the requested relief, and that respondent has a duty to perform the requested relief. We agree. Furthermore, as stated above, mandamus may not be used to control judicial discretion.
We also find that relator has failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.
Accordingly, we grant the respondent's motion to dismiss and deny the writ for mandamus. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
TIMOTHY E. McMONAGLE, A.J., and TERRENCE O'DONNELL, J., CONCUR.