JOURNAL ENTRY AND OPINION
{¶ 1} On March 25, 2003, the relator, Curtis Freed, commenced this mandamus action against the respondent, Judge Christine McMonagle, to compel the judge to reverse her decision denying his motion to amend his postconviction relief petition, which he filed in the underlying case,State of Ohio v. Curtis Freed, Cuyahoga County Common Pleas Court Case No. CR-408021. On April 24, 2003, Freed moved for summary judgment, and on April 25, 2003, the judge, through the Cuyahoga County Prosecutor, also moved for summary judgment. Neither party filed a brief in opposition to the other's summary judgment motion. For the following reasons, this court grants the judge's motion for summary judgment and denies Freed's dispositive motion.
 {¶ 2} In the underlying case Freed pleaded guilty to abduction[1], and the court sentenced him to three years on October 23, 2002. A week later, Freed filed his petition for postconviction relief. Beginning on November 7, 2002, he filed numerous motions to amend his postconviction relief petition and to withdraw his guilty plea. On December 11, 2002, the State moved for an extension of time to file a response to the postconviction relief petition, and on January 27, 2003, it moved to dismiss the motions to withdraw the guilty plea and to amend the postconviction relief petition. The respondent judge granted the State's motion on January 31, 2003, thus, disposing of Freed's attempts to amend his petition.
 {¶ 3} In response, Freed filed this mandamus action to reverse the judge's decision. He also began two appeals, Cuyahoga County Court of Appeals Case Nos. 82675 and 82679, to contest the judge's January 31 order.[2]
 {¶ 4} On April 22, 2003, the respondent judge denied Freed's "[p]etitions and motions for post-conviction relief." She further explained: "Evidence submitted to the court as `newly discovered evidence' was known at the time of the plea. Further, defendant was advised at the plea that he would be considered for community control sanctions unless he got into further criminal trouble or failed to appear for sentencing. Defendant failed to appear for pre-sentence interview and sentencing and a capias was issued on November 16, 2001; he was arrested September 19, 2002, and sentenced October 23, 2002." (April 22, 2003 journal entry attached to the judge's motion for summary judgment.) Again, in response, Freed appealed this decision in State of Ohio v.Curtis Freed, Cuyahoga County Court of Appeals Case Nos. 82846 and 82854.[3] Freed argues that the respondent judge abused her discretion and committed plain error by granting the State's motion to dismiss his motions to amend, therefore summarily dismissing his amendments. R.C.2953.21, Ohio's postconviction relief statute, provides in subsection D that "[w]ithin ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion." Subsection F provides that "[a]t anytime before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings."
 {¶ 5} Freed further argues that the State's first appearance relating to the postconviction petition was the December 11, 2002 motion for extension of time, well beyond the ten days after he filed his petition on October 30, 2002. Furthermore, he filed many of his motions to amend before that date and before the State filed, without leave of court, its motion to dismiss the motions to amend. Freed therefore contends his motions to amend and their amendments were properly before the court, and the State's motion to dismiss was not. Thus, the court improperly granted the State's motion and dismissed the amendments. See,State v. Wiles (1998), 126 Ohio App.3d 71, 709 N.E.2d 898. Mandamus should lie to correct this egregious error.
 {¶ 6} To an uncertain extent Freed also argues that the respondent judge had the duty to issue findings of fact and conclusions of law when she dismissed the amendments.[4] R.C. 2953.21 requires that when the judge resolves the postconviction petition, the judge must issue findings of fact and conclusions of law in support of the decision.
 {¶ 7} The principles governing mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman
(1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v.Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State exrel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath, 78 Ohio St.3d 45,1997-Ohio-245, 676 N.E.2d 108 and State ex rel. Boardwalk ShoppingCenter, Inc. v. Court of Appeals for Cuyahoga County (1990),56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v.Ohio Turnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14; Stateex rel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger
(1940), 32 Ohio Law Abs. 308.
 {¶ 8} Mandamus does not lie in the present case because the court exercised its discretion; Freed has or had an adequate remedy at law, and the matter is moot. Freed submitted the subject motions to the court, and the court, in the exercise of its discretion, denied those motions. If this court ordered the respondent judge to "reverse" her decision and grant the motions to amend, then this court would be controlling the respondent's discretion, which is explicitly prohibited.
 {¶ 9} Moreover, Freed has or had a remedy at law, through direct appeal, to contest the respondent judge's denial of his motions. Indeed, he has started four appeals relating to his efforts to obtain postconviction relief; two of those specifically sought to appeal the order denying the motions for leave to amend. Furthermore, State v.Wiles, upon which Freed relies, supports the conclusion that appeal, not mandamus, is the proper remedy for correcting irregularities or errors in postconviction proceedings. In that case the appellant obtained the desired corrections of striking the state's response and reversing the trial court's decision for lack of adequate findings of fact and conclusions of law through appeal, not mandamus.
 {¶ 10} Finally, the respondent judge's order of April 22, 2003, denying the postconviction relief petition, renders the matter moot. In that order the respondent judge denied the petitions and motions for postconviction relief and issued findings of fact and conclusions of law which are not insufficient on their face. Cf. State ex rel. Carrion v.Harris (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330. Thus, it appears that the respondent judge rejected the issues Freed presented, both in his original petition and in his subsequent motions. At the very least, it is not clear that the respondent judge did not fulfill her duties under R.C. 2953.21, and because mandamus should not issue in unclear cases, this court declines to issue it in the present case. Rather, the issues of the propriety of the postconviction proceedings should be examined in a complete record on appeal, as Freed is currently undertaking.
 {¶ 11} Accordingly, this court grants the judge's motion for summary judgment and denies Freed's application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ Denied.
JAMES J. SWEENEY, J., AND SEAN C. GALLAGHER, J., CONCUR.
[1] The Grand Jury also indicted him for robbery and intimidation. Pursuant to the plea agreement, Freed pleaded guilty to a lesser offense of abduction, and the State nolled the robbery and intimidation counts.
[2] This court dismissed Case No. 82675 for failure to file a praecipe. In Case No. 82679 Freed moved for leave to appeal, and this court denied that motion and dismissed the appeal. This court further notes that Freed also failed to file a praecipe or docketing statement in Case No. 82679.
[3] This court dismissed Case No. 82846 for failure to file the record.
[4] It is uncertain whether Freed seeks the relief of compelling the judge to issue findings of fact and conclusions of law because he does not ask for that relief in either the closing paragraph of his complaint for mandamus or the closing paragraph of his motion for summary judgment. In both, Freed explicitly seeks the relief that this court reverse the respondent judge's decision of January 31, 2003, dismissing the motions to amend.