ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On September 20, 2004, relator, Wiley Bridgeman, commenced this mandamus action against the State of Ohio to compel a ruling on his motion for transcripts at state expense filed in State v. Bridgeman, Cuyahoga County Court of Common Pleas Case No. CR-75-020436-A, which was filed November 3, 2003. On October 6, 2004, the respondent, through the Cuyahoga County Prosecutor, filed a motion to dismiss which relator responded to on October 20, 2004. For the following reasons, we deny the respondent's motion to dismiss and grant the writ for mandamus.
 {¶ 2} The requisites for mandamus are well established: 1) the relator must have a clear legal right to the requested relief, 2) the respondent must have a clear legal duty to perform the requested relief, and 3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Cannole v. Cleveland Board ofEducation (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 3} Despite the obvious procedural irregularities of this petition, a review of the record, including a review of the docket, indicates that the lower court has not ruled on Bridgeman's motion. Because this motion has been pending for almost eleven months, we hold that Bridgeman's request for relief in mandamus is well taken.
 {¶ 4} Accordingly, the Cuyahoga County Court of Common Pleas is hereby directed to rule on the pending motion for transcripts at state expense within thirty (30) days from the date of this entry. Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ granted.
Sweeney, P.J., concurs.
 Calabrese, Jr., J., concurs.