JOURNAL ENTRY AND OPINION
{¶ 1} On October 4, 2006, the relator, George Pappas, commenced this mandamus action against the respondent, Judge Janet Burnside, to compel her "to adjudicate and/or facilitate litigation" of the underlying case,George E. Pappas v. Kenneth Ippolito, Cuyahoga County Common Pleas Case No. CV-03 497168. On November 1, 2006, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment. On November 9, 2006, Pappas filed his combined brief in opposition and his motion for summary judgment. On November 21, 2006, the judge filed her brief in opposition to Pappas' motion for summary judgment. For the following reasons, this court denies Pappas' motion for summary judgment, grants the judge's dispositive motion, and denies the application for a writ of mandamus.
 {¶ 2} The gravamen of Pappas' complaint is that the respondent judge is refusing to adjudicate the underlying case; accordingly, mandamus is necessary to ensure that the case proceeds to resolution. As reflected by the docket, Pappas asserts that the plaintiffs commenced the underlying case in March 2003, and the parties intensely litigated it through early 2005. On February 1, 2005, Defendant Debbie Piunno moved for summary judgment, and on March 1, 2005, the other defendants — Kenneth Ippolito, Richmond Towers LLC, and Richmond Apartments LLC — also moved for summary judgment. The docket reveals that throughout the rest of 2005, the parties continued to contest each others' positions with affidavits, motions for sanctions, motions to strike, motions to supplement, motions for extensions, and briefs in opposition.
 {¶ 3} In February 2006, the respondent judge granted Piunno's motion for summary judgment, but did not rule on the other defendants' dispositive motion. Between February 2006 and September 2006, no further filings were made in the underlying case. In his supporting affidavit, Pappas' attorney states that in July he wrote the respondent and "inquired as to when we might expect a ruling on the motions that had been pending some seventeen (17) months." (¶ 14 of the affidavit.) Similarly, phone calls to the judge's staff did not elicit any meaningful information about when the judge would proceed with the case. Throughout all the filings, Pappas has maintained that the motions are fully ripe for disposition. On September 21, 2006, Pappas and the other defendants filed a motion for a status conference. According to the docket, that motion is still pending.
 {¶ 4} Pappas argues that the judge's inactivity for nine months demonstrates her unwillingness to adjudicate the case. Pappas maintains that mandamus is appropriate because no other adequate remedy, such as appeal, is available to compel the judge to proceed to adjudication.[1]
 {¶ 5} However, on November 3, 2006, the respondent judge issued the following journal entry: "One or more filings of the parties on the motions for summary judgment refer to the deposition testimony of deft Kenneth Ippolito. Said deposition has not been filed of record in this action and cannot be used in considering the summary judgment issues until same is filed with the clerk." Since then, the docket reveals that three depositions have been filed.
 {¶ 6} An essential premise of Pappas' mandamus claim has been that the underlying case, especially the motion for summary judgment, has been ripe for adjudication for well over a year. The recent journal entry and filings establish that this premise is not well-founded. Therefore, the mandamus claim is not ripe.
 {¶ 7} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
COLLEEN CONWAY COONEY, JUDGE
FRANK D. CELEBREZZE, JR., P.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case.State ex rel. Jerninghan v. Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeComm. (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v.Cleveland Bd. of Educ. (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; andState ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.