{¶ 23} I concur with the majority as to its analysis pursuant to R.C.3101.05 regarding the Respondent's duty to "immediately upon receipt of an application for a marriage license" to "place the parties' record in a book kept for that purpose." I further concur that once received, the probate court has a duty to consider the application for marriage in accordance with law and a duty to duly record any judgment on the application.
 {¶ 24} I respectfully dissent from the majority's analysis and decision to further order the Respondent to consider additional forms of identification. A writ of mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear.Phillips v. Corrigan Cuyahoga App. No 82520; State ex. rel. Taylor v.Glasser (1997), 50 Ohio St.2d 165, 364 N.E.2d 1. If the Probate Court denies a request for it to issue a marriage license because the Probate Court finds that an applicant has failed to produce sufficient identification, that denial can be appealed. Therefore, an adequate remedy at law would exist. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, a Writ of Mandamus is issued and the trial court shall forthwith accept and record Relators' application for marriage and rule upon the application in accordance with the statutory requirements. Further, the Court shall not require applicants to produce a state identification card, state-issued driver's license, or school identification card as the only means of establishing identity of the applicant.
 Costs taxed to Respondent. *Page 1