JOURNAL ENTRY AND OPINION
{¶ 1} On October 21, 2008, relator Dana Latham filed a writ of mandamus asking this court to dispose of his kidnapping charge because the State of Ohio failed to comply with R.C. 2941.401. On November 21, 2008, the respondent, through the Cleveland Law Director, filed a motion to dismiss. For the following reasons, we grant the motion to dismiss.
 {¶ 2} Initially we find that the petition for a writ of mandamus is fatally defective since it is improperly captioned. A petition for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Latham's failure to properly caption his petition as to the writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty. (1962), *Page 3 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} Latham also failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State exrel. Zanders v. Ohio Parole Board, 82 Ohio St.3d 421, 1998-Ohio-0034, 696 N.E.2d 594; State ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-0992, 685 N.E.2d 1242.
 {¶ 4} Despite the above procedural defects, in order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Manson v. Morris (1993), 66 Ohio St. 3d 440,613 N.E.2d 232, citing State ex rel. Berger v. McMonagle (1983),6 Ohio St. 3d 28, 451 N.E.2d 225.
 {¶ 5} Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeCommission (1953), *Page 4 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v. Cleveland Board ofEducation (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 6} Additionally, if a relator had an adequate remedy at law, regardless of whether it was used, relief in mandamus is precluded.State ex rel. Tran v. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245,676 N.E.2d 108; State ex rel. Boardwalk Shopping Ctr, Inc. v. Court ofAppeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33, 564 N.E.2d 86;State ex rel. Provolone Pizza, LLC. v. Callahan, Cuyahoga App. No. 88626, 2006-Ohio-660; State ex rel. Grahek v. McCafferty, Cuyahoga App. No. 88614, 2006-Ohio-4741.
 {¶ 7} In his petition, Latham claims that he has not been brought to trial on the kidnapping charge within 180 days despite making himself available pursuant to R.C. 2941.401. In State ex rel. Bowling v. Courtof Common Pleas of Hamilton County (1970), 24 Ohio St.2d 158,265 N.E.2d 296, the Supreme Court of Ohio denied a similar mandamus action filed to enforce the provisions of R.C. 2941.401 stating that the petitioner had an adequate remedy at law by moving the trial court to dismiss the indictment for the statutory violation. See also State ex rel. James v.Probation Dept. (Mar. 18, 1999), Cuyahoga App. No. 75068.
 {¶ 8} In this matter, we find that Latham also has the same adequate remedy available to him and can file a motion to dismiss in the lower court. Accordingly, since Latham cannot establish the necessary criteria for this court to grant his action in mandamus, we grant respondent's motion to dismiss. Relator to bear costs. It is *Page 5 
further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ. R. 58(B).
Writ dismissed.
 ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1