JOURNAL ENTRY AND OPINION.
{¶ 1} On June 23, 2003, relator filed a petition for a writ of mandamus. Relator is requesting that this court compel Judge Janet Burney to set aside her ruling dismissing relator's motion to modify custody and support and determine relator's parental rights and responsibilities pertaining to her minor child. On July 16, 2003, the respondent, through the Cuyahoga County Prosecutor's office, filed a motion to dismiss. Thereafter, on July 29, 2003, Relator filed a brief in opposition to the motion to dismiss, and on August 5, 2003, the respondent filed a reply brief in support of their motion to dismiss. For the following reasons, we grant the respondent's motion to dismiss.
 {¶ 2} The record indicates that on April 3, 1997, Rodney Williams, Sr. was awarded custody of the parties' minor child by the Lucas County Juvenile Court Case No. JC 97-7173. On April 20, 1999, Relator moved the Lucas County Juvenile Court to grant her custody of the minor child but that motion was denied. The Lucas County Juvenile Court eventually terminated relator's visitation rights and ordered her attachment when she refused to return the child to Williams' custody after visitation.
 {¶ 3} On April 22, 2002, relator filed a motion to determine custody in the Cuyahoga County Juvenile Court, Case No. CU2101750 which was subsequently dismissed without prejudice on July 11 2002. Thereafter, on October 11, 2002, Relator filed a motion to modify custody and support in Case No. CU2101750. The matter was heard by Magistrate Nancy McMillen on October 31, 2002 and she recommended that the case be dismissed because the Court does not have jurisdiction to modify an order of the Lucas County Juvenile Court unless they certify the matter to Cuyahoga County and Cuyahoga County accepts the case. On November 14, 2002, Judge Burney adopted the recommendation and dismissed the case without prejudice.
 {¶ 4} In her petition, relator argues that Judge Burney abused her discretion by granting the defendant's motion to dismiss for lack of jurisdiction. According to relator, all parties are currently residents of Cuyahoga County and the issue of modification arose in Cuyahoga County. Relator further states that she no longer has a forum because Lucas County, in Case No. JC 97-7173, claimed lack of jurisdiction because all the parties reside in Cuyahoga County.
 {¶ 5} Initially, we note that the petition is fatally defective. Relator failed to support her complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State exrel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; Stateex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 6} Notwithstanding the above, in order for this court to issue a writ of mandamus, it must be established that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law.State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440, 613 N.E.2d 232, citing State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d ¶ 28,451 N.E.2d 225. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeCommission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannolev. Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 7} The respondent argues that Judge Burney does not have a clear legal duty to perform the requested act. We agree. A court that obtains jurisdiction over and enters orders concerning the custody and support of children retains continuing and exclusive jurisdiction over such matters. Hardesty v. Hardesty (1984), 16 Ohio App.3d 56, 58,474 N.E.2d 368.
 {¶ 8} In this matter, the Lucas County Juvenile Court originally obtained jurisdiction and continuously issued orders regarding the custody and support of the minor child. Accordingly, the Lucas County Juvenile Court retains exclusive jurisdiction, and Judge Burney does not have a duty, nor the authority, to reinstate this matter to the Cuyahoga County Juvenile Court. Additionally, we note that relator's claim that Lucas County declined jurisdiction because neither person was a resident of Lucas County was not supported by the record.
 {¶ 9} Accordingly, we grant the respondent's motion to dismiss and deny the writ for mandamus. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
MICHAEL J. CORRIGAN, J., concurs.
KENNETH A. ROCCO, A. J., concurs.