JOURNAL ENTRY AND OPINION
{¶ 1} Christopher Miller appeals the imposition of maximum, consecutive sentences following this court's remand for resentencing. He claims he was denied due process by an alleged punishment for lack of remorse, by the trial court's imposition of more than the minimum sentence and by the failure to properly apply Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. We affirm.
 {¶ 2} As a preliminary matter, we note that this is Miller's third appeal from his original conviction. This court summarized the facts of this case in Miller's direct appeal in Case No. 80999 and stated:
"Two men raped and beat Lisa Bower after forcing their wayinto her apartment. They robbed her of a cell phone, her carcharger, and her purse. Cleveland Heights police charged Milleras a result of their investigation of records from Bower's stolencell phone. The investigation led Detective Schmitt to NicoleHead, who had received several phone calls made from the stolencell phone by Miller. From a photo array compiled by DetectiveSchmitt, Bower identified Miller as one of her attackers.
 "Although the scientific evidence confirmed a presence ofsemen, the DNA did not match Miller's. Further, in his statementsto police, Miller admitted to placing the cell phone in a sewernear his home when he learned the police were investigating himin connection with this incident."
 {¶ 3} In June 2001, Miller was indicated on ten counts: count one charged intimidation, in violation of R.C. 2921.04, with a three-year firearm specification under R.C. 2941.145; count two charged possession of a weapon under disability, in violation of R.C. 2923.13; count three charged aggravated burglary, in violation of R.C. 2911.11, with a three-year firearm specification; count four charged kidnapping, in violation of R.C. 2905.01, with a three-year firearm specification, a sexual motivation specification, and a sexually violent predator specification under R.C. 2971.01(I); count five charged aggravated robbery, in violation of R.C. 2911.01, with a three-year firearm specification; count six charged felonious assault, in violation of R.C. 2903.11, with a firearm specification; and counts seven, eight, nine and ten charged rape, in violation of R.C. 2907.02, and included three-year firearm specifications and sexually violent predator specifications.
 {¶ 4} Following trial in January 2002, Miller was found guilty on count one, minus the firearm specification; guilty on counts three, four, five, six, nine and ten, all minus firearm specifications; and found not guilty on counts two, seven, and eight. He was sentenced to two years on count one, and ten years on count three, sentence to run consecutive to count one. He received ten years on count four, which was merged with counts nine and ten, and ten years on count five, which was merged with count three. He additionally received eight years on count six, sentence to run concurrent with counts three and one. He received ten years each on counts nine and ten, sentences to run consecutive with all other counts for an aggregate sentence of forty years.
 {¶ 5} Miller appealed his conviction and sentence to this court in fifteen assignments of error, in Case No. 80999. The court affirmed his conviction, but remanded for resentencing, finding error in the imposition of consecutive sentences without a specific finding regarding proportionality. Upon remand, Miller received the same forty-year sentence with additional findings by the trial court. He appeals the imposition of this sentence in the assignments of error set forth in the appendix to this opinion.[1]
 {¶ 6} In his first assignment of error, Miller claims his due process rights were violated when he was punished for not showing remorse or accepting responsibility. He relies on Mitchell v.United States (1999), 526 U.S. 314, 119 S.Ct. 1307, for the proposition that a trial court may not draw an adverse inference from a defendant's silence. He additionally cites In re AmandaW. (1997), 124 Ohio App.3d 136, where the court found error in requiring a father to admit that he abused his child in order to be reunited with that child. Both cases, however, involved guilty pleas and, therefore, the cases were not tried to a jury as was Miller's.
 {¶ 7} Moreover, under R.C. 2929.12(D), a trial court shall consider the following factors as indicative of a defendant's likelihood of committing crimes in the future, and states in pertinent part:
"(D) The sentencing court shall consider all of the followingthat apply regarding the offender, and any other relevantfactors, as factors indicating that the offender is likely tocommit future crimes: "(1) At the time of committing the offense,the offender was under release from confinement before trial orsentencing, * * * or under post-release control * * * or anyother provision of the Revised Code for an earlier offense or hadbeen unfavorably terminated from post-release control for a prioroffense * * *." (2) The offender previously was adjudicated adelinquent child * * * or the offender has a history of criminalconvictions. "(3) The offender has not been rehabilitated to asatisfactory degree after previously being adjudicated adelinquent child * * * or the offender has not respondedfavorably to sanctions previously imposed for criminalconvictions." (4) The offender has demonstrated a pattern of drugor alcohol abuse that is related to the offense, and the offenderrefuses to acknowledge that the offender has demonstrated thatpattern, or the offender refuses treatment for the drug oralcohol abuse. "(5) The offender shows no genuine remorse for theoffense."
 {¶ 8} The statute clearly requires a court to consider a defendant's lack of remorse, and the court is permitted to consider any factor that is relevant to achieving the purposes and principles of felony sentencing. (Emphasis added.) See,State v. Brown (May 15, 2000), Jefferson App. No. 97-JE-36; R.C. 2929.12(A).
 {¶ 9} While we recognize Miller maintains he is not guilty of the offense, that claim does not preclude the trial court from considering a lack of remorse in light of the jury verdict. The court therefore finds that the trial court did not err in considering any lack of remorse prior to imposing sentence. Miller's first assignment of error lacks merit.
 {¶ 10} In his second and third assignments of error, Miller claims error first in the court's failure to apply the mandates of Blakely v. Washington, supra, when applying consecutive, and on some charges, maximum, sentences. He additionally claims error in the overall imposition of such sentences.
 {¶ 11} Miller's argument that his maximum sentence violatesBlakely has been addressed in this court's en banc decision ofState v. Lett, 161 Ohio App.3d 274, 2005-Ohio-2665. InLett,[2] this court held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely.
Accordingly, in conformity with that opinion, we reject Miller's contentions and overrule his second assignment of error.
 {¶ 12} In Miller's third assignment of error, he claims that his due process rights were violated when the trial court imposed more than the minimum sentence when there was no evidence that he had ever served a prior prison term. He additionally asserts that the trial court's mere recitation of the statutory language contained in R.C. 2929.14 was insufficient to impose more than the minimum sentence.[3]
 {¶ 13} Although he erroneously claims to have never served a prison term, Miller has in fact served two prior terms. In CR-94-316782-A, Miller pleaded guilty to drug trafficking and served a one-year prison term. In CR-97-351327, Miller pleaded guilty to possession of drugs and again served a one-year prison term. Therefore, any suggestion that the lack of a prior prison record entitled him to the presumption of the minimum sentence is unfounded.
 {¶ 14} With regard to the court's recitation of the factors contained in R.C. 2929.14(B), Miller is correct that mere recitation alone is insufficient as the trial court is required to cite its reasons on the record in accord with R.C.2929.19(B)(2)(c). However, the record reflects that prior to imposing sentence, the trial court outlined its rationale for imposing its sentence. The court found that the sentence was necessary to protect the public, that the punishment was a necessary and appropriate punishment for Miller, and that the harm was so great and unusual that a single prison term did not adequately reflect the seriousness of the conduct. (Tr. at 11.) The court then noted the factors utilized in reaching this conclusion, which included the following: the planning and precalculation involved, the fact that Miller laid in wait for the victim, the coordination with another individual to bring about the crime, and the fact that Miller caused emotional and physical harm to the victim and showed no remorse. (Tr. at 11-12.) The court then found that the use of terror was unnecessary, that the crime was of a sexual and violent nature, that Miller committed the worst forms of the offenses of both kidnapping and rape, that his conduct was outrageous, and that he prayed on an innocent victim. (Tr. at 12.) Finally, and before pronouncing sentence, the court found that the sentence was not disproportionate to the crime. (Tr. at 12.)
 {¶ 15} It is clear from the record and the court's recitation of both the statutory factors for imposing more than the minimum sentence and the supporting rationale, that Miller was not deprived of his due process rights when more than the minimum sentence was imposed.
 {¶ 16} Therefore, finding no error in the imposition of the sentence, and finding Blakely inapplicable, we find that Miller's second and third assignments of error lack merit.
 {¶ 17} The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese Jr., J., and Corrigan, J., concur.
 APPENDIX ASSIGNMENTS OF ERROR
 "I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WASPUNISHED FOR NOT SHOWING REMORSE OR ACCEPTING RESPONSIBILITY.(TR. 9, 12.)
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURTFAILED TO APPLY THE PRONOUNCEMENT IN BLAKELY V. WASHINGTON124 S.CT. 2531 (2004) (TR 3-4, 10, 11).
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WASSENTENCED TO MORE THAN A MINIMUM SENTENCE. (TR.5.)" Keywords:
[1] Although we are aware that Miller continues to profess his innocence, this court is confined to a review of the sentence imposed and may not address the merits of the case. As Miller has filed a writ of habeas corpus in the Northern District of Ohio, being case number 04-cv-01965-AA, any appeal of the merits is properly brought before that court.
[2] Although this writer dissented regarding the court's decision not to find Blakely and United States v. Booker
(2005), 125 S.Ct. 738, applicable, I nevertheless am bound by the majority en banc decision. See my dissent in State v. Lett
(2005), 161 Ohio App.3d 274, 2005-Ohio-2665.
[3] In Miller's original direct appeal, he also claimed error in the imposition of maximum, consecutive sentences. This court found that the trial court properly sentenced Miller to the maximum term of imprisonment, but we vacated the sentence and remanded the case due to the court's failure to state that the sentence was not disproportionate to the seriousness of the conduct. In his latest appeal, Miller again claims error in the imposition of maximum sentences.