[Cite as *State v. Harris*, 2011-Ohio-6762.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96887**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KERMIT HARRIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-346368

**BEFORE:**    Blackmon, P.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    December 29, 2011

**APPELLANT**

Kermit B. Harris, Pro Se
Inmate No. 344-720
Grafton Correctional Inst.
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Katherine Mullin
Asistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Kermit Harris ("Harris") appeals pro se his imposed sentence and

assigns the following two errors for our review:

> **"I. The trial court erred to the prejudice of the appellant and violated both of his due process guarantees under the 14th Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution when the trial court judge usurped his authority to conduct a de novo resentencing hearing as was so ordered by this honorable court of appeals Eighth Judicial District Court of Appeals in CA-92892 Decided on February 16th, 2010."**

> **"II. The trial court erred to the prejudice of the appellant and violated both of his due process guarantees under the 14th Amendment**

**of the United States Constitution and Article I, Section 16 of the Ohio Constitution when the trial court judge totally disregarded the mandate of a reviewing court that resulted in an unjustified lengthy delay in sentencing, which deprived the trial court of jurisdiction to impose a sentence."**

{¶ 2} Having reviewed the record and relevant law, we affirm Harris's conviction. The apposite facts follow.

## Facts

{¶ 3} On January 8, 1997, the Cuyahoga County Grand Jury indicted Harris for aggravated robbery, receiving stolen property, attempted murder, and felonious assault. A jury convicted Harris on all counts. The trial court sentenced Harris to an aggregate sentence of 24 years in prison.

{¶ 4} Harris filed a direct appeal and this court affirmed his convictions. *State v. Harris* (June 18, 1998), Cuyahoga App. No. 72687. Subsequently, Harris filed a writ of mandamus seeking a new trial, which this court subsequently denied. See *State ex rel. Harris v. Cuyahoga Cty. Common Pleas Ct.* (Dec. 24, 1998), Cuyahoga App. No. 75216.

{¶ 5} On December 18, 2008, the trial court sua sponte ordered that Harris be returned to appear for a resentencing hearing. At the February 5, 2009 resentencing hearing, the trial court noted that although Harris had been advised of postrelease control at his initial sentencing hearing, the notification was not documented in the sentencing entry. The trial court then readvised Harris of his postrelease control responsibilities, stated the original sentence would still apply, and issued a journal entry documenting

Harris's original sentence and that he would be subject to five years of postrelease control.

**{¶ 6}** Harris appealed from the resentencing hearing, arguing the trial court only readvised him of postrelease control and should have conducted a de novo resentencing hearing. This court, relying on *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, agreed and remanded the matter for the trial court to conduct a de novo resentencing hearing. *State v. Harris*, Cuyahoga App. No. 92892, 2010-Ohio-362.

**{¶ 7}** Prior to Harris's resentencing on remand, the Ohio Supreme Court decided *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Therefore, on May 12, 2011, the trial court entered an order stating that *Fischer* was controlling and that the prior limited hearing informing Harris of his postrelease control was sufficient to impose a valid postrelease control.

## Failure to Conduct a De Novo Sentencing Hearing

**{¶ 8}** In his first assigned error, Harris contends that by failing to conduct a de novo resentencing hearing, the trial court violated the remand mandate from this court.

**{¶ 9}** The "law of the case" doctrine provides that the decision of a reviewing court remains the law of that case for all subsequent proceedings at both the trial court and reviewing levels and "functions to compel trial courts to follow the mandates of reviewing courts." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 2, 462 N.E.2d 410. However, the law of the case doctrine does not apply when there are "extraordinary

circumstances, such as an intervening decision by the Ohio Supreme Court." Id. at paragraph one of the syllabus.

{¶ 10} Here, while the de novo resentencing hearing mandated by the remand was pending, the Ohio Supreme Court released its decision in *Fischer*. In *Fischer*, the Ohio Supreme Court held that when a judge fails to impose "statutorily mandated postrelease control as part of the defendant's sentence, that part of the sentence is void and must be set aside." Thus, the court was no longer required to conduct a de novo resentencing hearing. Instead, according to *Fischer*, the court can correct the error by conducting a hearing on the postrelease control, or by issuing a nunc pro tunc order. Because a de novo resentencing hearing was no longer necessary, and the trial court had already conducted a limited hearing to correct the error in imposing postrelease control, the trial court did not err by refusing to conduct a hearing on remand. Accordingly, Harris's first assigned error is overruled.

### Delay in Resentencing

{¶ 11} In his second assigned error, Harris argues that there was an undue delay between his convictions and his resentencing.

{¶ 12} This court has repeatedly held that Crim.R. 32(A)'s requirement that a sentence be imposed without unnecessary delay does not apply to resentencing. *State v. Wright*, Cuyahoga App. No. 95096, 2011-Ohio-733; *State v. Harris*, Cuyahoga App. No. 95010, 2011-Ohio-482; *State v. Coleman*, Cuyahoga App. No. 94866, 2011-Ohio-341; *State v. McQueen*, Cuyahoga App. No. 91370, 2009-Ohio-1085; *State v. Craddock,*

Cuyahoga App. No. 94387, 2010-Ohio-5782; *State v. Huber*, Cuyahoga App. No. 85082, 2005-Ohio-2625.   In so holding, we held that it is when the original sentence is imposed that determines whether there was unreasonable delay.   In the instant case, Harris was convicted on May 6, 1997 and sentenced on May 16, 1997; therefore, there was no delay in imposing his sentence.

{¶ 13} Harris also argues that there was undue from the time this court ordered the trial court to conduct a de novo hearing until the present; therefore, he argues, the trial court is divested of jurisdiction to resentence him as to his postrelease control.   However, as we held in his first assigned error, due to the change in law, it was unnecessary for the trial court to conduct a de novo resentencing hearing.   Accordingly, Harris's second assigned error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and

KENNETH A. ROCCO, J., CONCUR