[Cite as *State v. Miller*, 2013-Ohio-1799.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98817**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPH MILLER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-408458

**BEFORE:**   McCormack, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   May 2, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: T. Allan Regas
Kristen L. Sobieski
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Christoph Miller ("Miller"), appeals the trial court's denial of his motion for resentencing. On July 26, 2012, the trial court held a hearing on Miller's motion for resentencing and determined that resentencing was not warranted under existing law. For the reasons that follow, we affirm the trial court's decision.

**Substantive Facts and Procedural History**

{¶2} On January 30, 2002, a jury found Miller guilty of intimidation, aggravated burglary, kidnapping, aggravated robbery, felonious assault, and rape. He was sentenced on February 12, 2002, to an aggregate prison term of 40 years. On March 12, 2002, Miller appealed his conviction and sentence. Upon appeal, on January 16, 2003, this court affirmed Miller's conviction. However, finding that the trial court erred in imposing consecutive sentences without making a specific finding regarding proportionality, we remanded for resentencing.[1] Miller subsequently appealed to the Ohio Supreme Court, which declined jurisdiction.[2]

---

[1] *See State v. Miller*, 8th Dist. No. 80999, 2003-Ohio-164.

[2] *See State v. Miller*, 99 Ohio St.3d 1412, 2003-Ohio-2454, 788 N.E.2d 648. While this appeal was pending, Miller filed a motion for new trial or petition for postconviction relief. After a hearing, the trial court denied Miller's motion, which he appealed. Thereafter, we affirmed the trial court's decision, and the Ohio Supreme Court declined further review of Miller's postconviction petition. *See State v. Miller*, 8th Dist. No. 82100, 2003-Ohio-2320; *State v. Miller*, 100 Ohio St.3d 1423, 2003-Ohio-5253, 797 N.E.2d 91.

**{¶3}** Upon remand, and pursuant to this court's order to make consecutive sentence findings, the trial court, on October 26, 2004, resentenced Miller to an aggregate prison term of 40 years. Once again, Miller appealed. On September 1, 2005, we affirmed the trial court's decision, finding that the trial court made the necessary findings and supporting rationale for Miller's more-than-minimum, maximum, and consecutive sentence.[3] Miller then appealed this decision to the Supreme Court, which reversed and remanded Miller's sentence in order that it comply with the Supreme Court's pronouncement in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.[4]

**{¶4}** On September 13, 2006, shortly after the Supreme Court's remand, Miller filed another motion for new trial or petition for postconviction relief. The trial court denied this motion on May 23, 2007. Miller also filed a request for findings of fact and conclusions of law, which the trial court also denied. Miller again appealed the court's denial of a new trial, and such denial was affirmed on appeal.[5] Miller sought review of this decision by the Supreme Court; however, it declined jurisdiction.[6]

**{¶5}** On February 11, 2011, Miller filed a motion for resentencing, pursuant to the post-*Foster* remand ordered by the Supreme Court in 2006.[7] Thereafter, a

---

[3] *State v. Miller*, 8th Dist. No. 85564, 2005-Ohio-4583.

[4] *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1173.

[5] *State v. Miller*, 8th Dist. No. 90035, 2008-Ohio-2350.

[6] *State v. Miller*, 119 Ohio St.3d 1505, 2008-Ohio-5467, 895 N.E.2d 567.

[7] *In re Ohio Criminal Sentencing Statutes Cases*.

resentencing hearing was scheduled and then rescheduled, in April 2012. The trial court ordered an abbreviated presentence investigation report ("PSI") and an institutional summary on April 17, 2012. On July 26, 2012, the trial court held a hearing on Miller's motion for resentencing. At the conclusion of the hearing, the court denied Miller's motion for resentencing, concluding that Miller's sentence complies with the present guidelines in sentencing under H.B. 86.

### Assignments of Error

{¶6} Miller now appeals the trial court's denial of his motion for resentencing. He assigns the following errors for our review:

> I. Defendant was denied due process of law when the court ruled that defendant was not entitled to a full resentencing as ordered by the Ohio Supreme Court.
>
> II. Defendant was denied due process of law when the court failed to conduct a de novo resentencing as ordered by the Ohio Supreme Court.
>
> III. Defendant was denied due process of law when defendant was not resentenced in accordance with the mandate of the Ohio Supreme Court with[in] a reasonable period of time.

### Law and Analysis

### I. Miller's Resentencing

{¶7} Miller argues that the trial court erred in denying his motion for resentencing and in denying him an opportunity for a de novo resentencing. For the following reasons, we disagree.

{¶8} On January 30, 2002, Miller was convicted of intimidation, aggravated burglary, kidnapping, aggravated robbery, felonious assault, and rape, and he was

sentenced to an aggregate prison term of 40 years. Miller appealed his conviction and sentence. Upon appeal, this court affirmed Miller's conviction; however, we remanded to the trial court for resentencing, finding error in the imposition of consecutive sentences.[8]

{¶9} Upon remand, on October 26, 2004, the trial court resentenced Miller to an aggregate term of 40 years, the same sentence originally imposed, with additional findings consistent with this court's order. Miller again appealed his sentence. We affirmed the sentence, finding no error in the trial court's imposition of the sentence:

> With regard to the court's recitation of the factors contained in R.C. 2929.14(B), Miller is correct that mere recitation alone is insufficient as the trial court is required to cite its reasons on the record in accord with R.C. 2929.19(B)(2)(c). However, the record reflects that prior to imposing sentence, the trial court outlined its rationale for imposing its sentence. The court found that the sentence was necessary to protect the public, that the punishment was a necessary and appropriate punishment for Miller, and that the harm was so great and unusual that a single prison term did not adequately reflect the seriousness of the conduct. (Tr. at 11.) The court then noted the factors utilized in reaching this conclusion, which included the following: the planning and precalculation involved, the fact that Miller laid in wait for the victim, the coordination with another individual to bring about the crime, and the fact that Miller caused emotional and physical harm to the victim and showed no remorse. (Tr. at 11-12.) The court then found that the use of terror was unnecessary, that the crime was of a sexual and violent nature, that Miller committed the worst forms of the offenses of both kidnapping and rape, that his conduct was outrageous, and that he prayed on an innocent victim. (Tr. at 12.) Finally, and before pronouncing sentence, the court found that the sentence was not disproportionate to the crime. (Tr. at 12.)

---

[8] *Miller*, 8th Dist. No. 80999, 2003-Ohio-164.

It is clear from the record and the court's recitation of both the statutory factors for imposing more than the minimum sentence and the supporting rationale, that Miller was not deprived of his due process rights when more than the minimum sentence was imposed.

*Miller*, 8th Dist. No. 85564, 2005-Ohio-4583, ¶ 14, 15.

{¶10} The Supreme Court, however, reversed and remanded Miller's sentence in order to comply with its pronouncements in *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.[9] In *Foster*, the Supreme Court held that the findings required by the existing R.C. 2929.14 were unconstitutional:

Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional. Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences, they are unconstitutional. Because R.C. 2929.14(D)(2)(b) and (D)(3)(b) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant, before repeat-violent-offender and major-drug-offender penalty enhancements are imposed, they are

---

[9] *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1173.

unconstitutional. *Apprendi* [*v. New Jersey*], 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; *Blakely* [*v. Washington*], 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.

*Foster* at ¶ 83.

{¶11} Thereafter, on February 11, 2011, Miller petitioned the court for resentencing pursuant to the Supreme Court's post-*Foster* remand. However, following the Supreme Court's decision in *Foster*, Ohio's sentencing law changed once again. On September 30, 2011, Ohio's General Assembly enacted Am.Sub. H.B. 86, which, in effect, revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5.

{¶12} The statute, as amended by H.B. 86, requires a trial court to make specific findings when imposing consecutive sentences. Under current R.C. 2929.14(C), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Second, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C).

{¶13} Therefore, in accordance with H.B. 86, a trial court must make specific findings before imposing consecutive sentences. The pronouncements of *Foster*, as previously outlined, no longer apply.

{¶14} In response to Miller's motion for resentencing, the trial court held a hearing on July 26, 2012. At the conclusion of the hearing, the trial court denied Miller's motion, finding that Miller's sentence that was imposed on October 26, 2004 was valid. The trial court determined that H.B. 86 requires the court to make findings and Miller's sentence in 2004 did, in fact, include such findings, stating as follows:

> House Bill 86 now mandates that the court make findings of fact and conclusions — or findings, specific findings as to maximum consecutive sentences. And *Foster* is no longer in effect for those purposes. So we're back to where [the trial court] was in * * * 2004, when [it] made the specific findings on the record.
>
> Due to the fact that the Ohio Supreme Court specifically tells this Court to sentence the defendant in accordance with *Foster*, I am not inclined to find the motion to resentence well taken based on the fact that the new sentencing purposes and principles are in effect at this point in time under House Bill 86. That those purposes and principles require the Court to make findings. That in effect the Court has already made findings when the defendant was resentenced * * * in 2004, and those findings stated * * * in 2004 were affirmed by the Court of Appeals in [*State v. Miller*, 8th

Dist. No. 85564, 2005-Ohio-4583] and the sentence was * * * found to be a valid sentence.

{¶15} In light of the above, we find the trial court properly denied Miller's motion for resentencing. The trial court sentenced Miller in 2004, making the requisite statutory findings with respect to consecutive sentences, and his sentence was upheld on appeal to this court in 2005. Therefore, in accordance with H.B. 86 and the current sentencing law, Miller's 2004 sentence is valid and should be upheld, because no due process violation has occurred. A new sentencing hearing would serve no further purpose and would afford defendant no greater protection under the existing law.

{¶16} Accordingly, Miller's first and second assignments of error are overruled.

## II. Delay in Hearing

{¶17} Miller contends that the delay between the Supreme Court's decision in 2006, to remand for a post-*Foster* resentencing, and the hearing held on July 26, 2012, constituted unreasonable delay. Miller's argument is without merit.

{¶18} With respect to the imposition of a sentence, Crim.R. 32(A) states that the "sentence shall be imposed without unnecessary delay." However, this court has repeatedly held that the requirement that a sentence be imposed "without unnecessary delay" does not apply to resentencing. *State v. Harris*, 8th Dist. No. 96887, 2011-Ohio-6762, ¶ 12; *State v. Wright*, 8th Dist. No. 95096, 2011-Ohio-733, ¶ 8; *State v. McQueen*, 8th Dist. No. 91370, 2009-Ohio-1085, ¶ 4. In this case, because Miller is not alleging unnecessary delay between his conviction on January 30, 2002, and his original sentence on February 12, 2002, Crim.R. 32(A) is not applicable.

{¶19} Furthermore, neither the courts nor Miller sat idle during the time between the Supreme Court's remand in 2006 and the 2012 hearing by the trial court. During such time, Miller filed the following: a motion for new trial, which was denied by the trial court in May 2007; a request for findings of fact and conclusions of law, which was denied by the trial court in June 2007; an appeal of the court's denial of a new trial, which we affirmed in June 2008; and an appeal to the Supreme Court, which declined jurisdiction in November 2008. Miller then filed his motion for resentencing (the subject of this appeal) on February 11, 2011. Thereafter, the court attempted to schedule a hearing in April 2012, and it ordered an abbreviated PSI and an institutional summary that same month.

{¶20} Miller, as demonstrated above, has made several attempts throughout the years to obtain relief from his conviction. Many of his motions and appeals overlapped. Either this court of appeals or the Supreme Court was reviewing Miller's conviction and/or sentence and addressing his numerous motions and appeals over the course of the last several years. Moreover, during the hearing of July 26, 2012, the trial court found that Miller was not prejudiced "in any manner for the delay" between the Supreme Court's remand and the hearing on his motion for resentencing.

{¶21} In light of the above, Miller's third assignment of error is overruled.

{¶22} Judgement affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR