[Cite as *State v. White*, 2013-Ohio-3808.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99280**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH WHITE

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-565175

**BEFORE:** E.A. Gallagher, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 5, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Henry A. Marcus
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Joseph White appeals his sentence rendered in the Cuyahoga County Court of Common Pleas. White argues the trial court erred (1) in imposing consecutive sentences without the required findings, (2) in failing to properly advise him of postrelease control and (3) in failing to properly advise White of the imposition of court costs. Finding merit to the instant appeal, we reverse the decision of the trial court and remand for the limited purpose of correction of the errors outlined below.

{¶2} The Cuyahoga County Grand Jury indicted White for felonious assault and having weapons while under disability. The state and White entered into a plea agreement whereby White pleaded guilty to an amended count of attempted felonious assault and having weapons while under disability, both third-degree felonies. During the sentencing hearing, in open court, the court sentenced White to 24 months of imprisonment for attempted felonious assault, 12 months for having weapons while under disability and ordered the sentences to be served consecutively. The court's journal entry, however, stated "a prison sentence at the Lorain Correctional Institution of 24 months."

{¶3} In an effort to remove any jurisdictional impediment, this court remanded the case to the trial court to issue a final, appealable order conforming to *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142 (requiring a sentence for each

count).   On June 20, 2013, the trial court issued a nunc pro tunc journal entry sentencing White to two years in prison on the charge of attempted felonious assault and one year on the charge of having weapons while under disability to be served consecutively.   White appeals, raising the following three assignments of error:

### Assignment of Error I

The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

### Assignment of Error II

Appellant is entitled to a de novo sentencing hearing as the court did not properly impose a period of postrelease control at the sentencing hearing.

### Assignment of Error III

The trial court erred by ordering appellant to pay costs in the journal entry because it was not addressed or ordered in open court.

{¶4}   Both the state and White agree that under R.C. 2929.14(C)(4) and H.B. 86, the trial court failed to make the requisite findings when it sentenced White to consecutive terms of imprisonment.   The parties disagree, however, about the remedy to correct the error.   White moves this court to vacate the imposition of a consecutive sentence and impose concurrent terms of imprisonment; the state requests this court remand the issue back to the trial court to decide whether White's sentences should be run concurrently or consecutively.

{¶5}   When H.B. 86 became effective on September 30, 2011, it revived the requirement that trial courts make certain findings before imposing consecutive

sentences for felony convictions. *State v. Jones*, 8th Dist. Cuyahoga No. 98371, 2013-Ohio-489. Under R.C. 2929.14(C)(4), the trial court must first find that the imposition of consecutive sentences is "necessary to protect the public from future crime or to punish the offender." *Id.* Second, the trial court must find "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* In addition, the court must find at least one of the following factors:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*See State v. Wright*, 8th Dist. Cuyahoga No. 98901, 2013-Ohio-3132; *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891.

{¶6} A review of the record reveals that the trial court did not make any of those three findings. This court has consistently determined that the proper remedy for correcting an error during imposition of consecutive sentences is a limited remand for the purpose of determining whether consecutive sentences should be imposed. *See State v. Dodson*, 8th Dist. Cuyahoga No. 98521, 2013-Ohio-1344; *State v. Ross*, 8th Dist.

Cuyahoga No. 98763, 2013-Ohio-3130; *State v. Walker*, 8th Dist. Cuyahoga No. 97648, 2012-Ohio-4274. Accordingly, the trial court's judgment sentencing White to consecutive terms of imprisonment is reversed. This case is remanded to the trial court to consider whether consecutive sentences are appropriate under H.B. 86 and, if so, to enter the proper findings on the record. *See Dodson*, *Ross, Wright.*

**{¶7}** White's first assignment of error is sustained.

**{¶8}** The parties also agree that the trial court erred by not properly informing White of postrelease control requirements for both counts. Again, the parties differ as to the remedy. The state requests a limited remand for proper advisement of postrelease control requirements while White moves this court for a de novo sentencing hearing.

**{¶9}** In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court held that when a judge fails to impose "statutorily mandated postrelease control as part of the defendant's sentence, that part of the sentence is void and must be set aside." Thus, the court was no longer required to conduct a de novo resentencing hearing. *Id.* *State v. Freeman*, 8th Dist. Cuyahoga No. 99351, 2013-Ohio-3004; *State v. Harris*, 8th Dist. Cuyahoga No. 96887, 2011-Ohio-6762. Instead, according to *Fischer*, the court can correct the error by conducting a hearing on the postrelease control, or after conducting a hearing, by issuing a nunc pro tunc order that includes notification of the applicable term of postrelease control. *Freeman*; *Harris*.

**{¶10}** Thus, we sustain White's assignment of error to the extent that White was

not properly notified of postrelease control for his having weapons while under disability conviction and remand the case for a hearing that is limited to the imposition of postrelease control for that conviction.

{¶11} Lastly, the parties agree that the trial court erred when it imposed court costs upon White without first informing him in open court. In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Ohio Supreme Court held that "a court errs in imposing court costs without so informing a defendant in open court but that error does not void the defendant's entire sentence."

{¶12} Accordingly, White's third assignment of error is sustained. Upon remand, the court is to issue a new sentencing entry deleting the imposition of court costs. *See State v. Shaffer*, 8th Dist. Cuyahoga Nos. 95273 and 95274, 2011-Ohio-844.

{¶13} The judgment of the trial court is reversed and the case is remanded for the limited purpose of determining whether consecutive sentences are proper and if so, to make the required findings, to advise White of postrelease control for the charge of having weapons while under disability and to issue a new sentencing entry deleting the imposition of court costs.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR